## Mary C. McGuire *v.* Hartford Buick Company.

Brown, Jennings, Ells and Dickenson, Js.[1]

Argued October 10—decided December 7, 1944.

[1] By agreement of counsel the case was argued before and decided by four judges.

*Cyril Coleman,* with whom were *Eugene A. Massey* and, on the brief, *S. Gene Munford,* for the appellant (defendant).

*Morton E. Cole,* with whom, on the brief, was *Cyril Cole,* for the appellee (plaintiff).

BROWN, J. In this action for damages for personal injuries sustained by the plaintiff when a rear wheel of the secondhand automobile purchased by her of the defendant came off, the first count of her complaint is for negligence and the second for breach of warranty. The jury returned a verdict for the plaintiff and their answers to interrogatories establish that the defendant was found liable upon both counts, so that, if the verdict can be supported upon either, the judgment for the plaintiff cannot be disturbed. *Knight Realty Co., Inc.* v. *Caserta,* 126 Conn. 162, 168, 10 Atl. (2d) 597. Therefore, in the view which we take of the case, our consideration is confined to the errors assigned as to recovery under the first count. These are two, the court's failure to charge concerning the claimed defense of independent contractor, and one ruling on evidence.

These material facts are not in dispute: On May 29, 1941, the plaintiff purchased a used 1938 Buick sedan of the defendant, which was in the business of selling new and secondhand cars. Before delivery, the car was equipped with two new rear tires. These were installed on the defendant's order by the Tire Regrooving Company, an independent concern, which for a number of years had done tire work for the defendant. In installing them the Tire Company removed both wheels and subsequently put them back on the car. In order to fasten the wheels when replaced on the axle, it was necessary to apply five or six lugs or screw

bolts to each wheel. These when properly tightened with a lug wrench secured each wheel to the axle. A hubcap was then applied which covered the lugs. Upon receiving the car back from the Tire Company, the defendant made no inspection to ascertain whether the rear wheels were properly fastened; on May 29 it delivered the car to the plaintiff. The next day the car was driven about forty miles to the seashore, and on June 1, as the plaintiff was being driven in it back to Hartford, the right rear wheel came off the axle by reason of the insecure fastening of the lugs or screw bolts and she was injured. Subsequent to the delivery of the car to her nothing had been done to cause the wheel to come off other than operation of it in a normal manner.

The plaintiff claimed to have proved these further facts: When the defendant delivered the car to her it was in a defective and unsafe condition for driving because the threads of the lugs were stripped and the lugs were not screwed in tight. This the defendant knew or could have discovered by reasonable inspection, which it failed to make. The plaintiff was unaware of this condition and relied upon a representation of the defendant's agent that the car was in good condition and safe for immediate operation and use. In consequence of the defendant's negligence, the wheel came off by reason of the condition above referred to, which existed when the car was delivered to the plaintiff. The defendant claimed to have proved that while the car was being driven after its delivery to the plaintiff and prior to the accident no one had noticed anything unusual about its operation, that the defendant at no time had removed the rear wheel in question, and that it reasonably relied upon the skill and judgment of the Tire Company as an independent

contractor and had no reason to suspect that its work was faulty in any particular.

The defendant assigns error in the court's failure to grant its request to charge that, in the absence of proof of facts which reasonably put the defendant on notice of any dangerous condition at the time it delivered the car to the plaintiff, the defendant was entitled to rely on the skill and judgment of the independent contractor, and that if there was any negligence in this case it was that of the latter, for which the defendant is not liable. One of the grounds of negligence alleged and relied upon by the plaintiff was the defendant's failure to make a reasonable inspection of the wheels of the car before delivery. The question therefore is whether the fact that, prior to the delivery of the car to the plaintiff, the Tire Regrooving Company in changing the rear tires pursuant to the defendant's order had removed and then replaced the rear wheels entitled the defendant to the benefit of the defense of independent contractor embodied in the charge requested. If this action against the defendant had been predicated upon an injury negligently inflicted by the Tire Company during the performance of its work, this defense might well have availed the defendant. That is not the case before us, however, for here, before the injury occurred, the Tire Company had completed its work, possession and control of the car had been resumed by the defendant, and delivery made by it to the plaintiff.

In a somewhat analogous situation, where negligence of a defendant occupant of real estate was claimed, we held that the fact that an independent contractor caused the condition complained of constituted no defense. *Newell* v. *K. & D. Jewelry Co., Inc.*, 119 Conn. 332, 334, 176 Atl. 405. In that case the defendant had engaged the contractor to wash the

floor of its store prior to opening for the day and the latter failed to dry the surface properly, leaving it dangerous to walk upon. We said at page 334: "After the contractor had finished the work of cleaning and had gone out, at about nine o'clock, the store remained in the control of the defendant until the plaintiff entered and [it] was open for business. It was the duty of the proprietor in such a case to use ordinary care to see that the premises were in a safe condition for those invited therein for purposes of business. If the proprietor does not know the condition of his premises, it is his duty to exercise reasonable care to discover their condition and he will be liable for such defects as a reasonable inspection would have disclosed." *Geoghegan* v. *Fox & Co., Inc.*, 104 Conn. 129, 134, 135, 132 Atl. 408, and a number of other cases were cited; see also *Calkins* v. *Liggett Drug Co., Inc.*, 124 Conn. 14, 18, 197 Atl. 693; *Koskoff* v. *Goldman*, 86 Conn. 415, 420, 85 Atl. 588.

In these cases, as in the instant case, the defendant was charged with the duty of exercising reasonable care under the circumstances. This being so, any antecedent negligence of the independent contractor that gave rise to the condition affords no defense for the subsequent failure of the defendant to obviate the effect of that negligence, as it could and would have done by exercising due care upon its part. *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, 390, 111 N. E. 1050. Negligence of an independent contractor under these circumstances, where the contractee is guilty of negligence connecting itself with that of the contractor in such manner as to make both liable, is within the "fourth exception" to the rule that the employment of such a contractor excuses the contractee from liability for the former's negligence. *Lawrence* v. *Shipman*, 39

Conn. 586, 590; *Swearsky* v. *Stanley Dry Goods Co., Inc.,* 122 Conn. 7, 11, 186 Atl. 556.

The following statement of the duty resting upon the seller of a secondhand car, originally promulgated in a note in 42 A. L. R. 1243 at page 1250, suggests sound reason for holding him in such a case to the responsibility which it defines: "Where, in the exercise of ordinary sense, the seller of an article must know that if it is defective it will be imminently dangerous to persons who he knows will come in contact therewith, a duty rests upon such seller to use ordinary care to ascertain the condition of the article and see that it is safe, especially where, by representations or warranties that the article is safe, he induces the sale; and if he fails to exercise ordinary care to ascertain the safety of the article, and as a result he actually sells it in an imminently dangerous condition, he is liable for personal injuries proximately resulting therefrom, at least, to that class of persons who he knows must come in contact with the article." *Flies* v. *Fox Bros. Buick Co.,* 196 Wis. 196, 210, 218 N. W. 855; see also *Egan Chevrolet Co.* v. *Bruner,* 102 Fed. (2d) 373, 378, 122 A. L. R. 987 and note, 997; Restatement, 2 Torts, § 412. Comment c of this section points out that important factors in determining whether the seller has used ordinary care, in addition to the danger involved above referred to, are the seller's ability to appreciate the proper or improper character of the work done for it by the contractor, and the ease or difficulty of ascertaining the actual character of the completed work. The defendant's familiarity with the process of replacing a wheel and the ease and simplicity of removing the hubcap and testing the effectiveness of the lugs indicate the significance of the rule's application in the instant case. The court did not err in refusing to charge as requested.

After the defendant's manager had stated that for two years past the Tire Regrooving Company had done work for it, he was asked on direct examination, "And in that period of time . . . was there any complaint from any customer with regard to a loose wheel or some claim made by any clients?" The defendant's counsel stated: "I claim it . . . on the issue of notice. If, for instance, there had been a complaint it might have put an additional burden on the defendant to do some additional supervisory work, but in the absence it seems to me the claim is well made that they are entitled to rely on the skill and judgment of people whom they hire." Under the claim as thus stated, the court could reasonably have understood that the defendant was offering the evidence of no previous complaint made of the Tire Company's work to show that the defendant was relieved of any duty of inspection by reason of its employment of that company as an independent contractor. For the reasons already discussed it was inadmissible for this purpose. Under the circumstances, in so far as concerns the defendant's broader claim now argued before us, that the evidence should have been received to show lack of notice as a material element upon the issue of its negligence, it is perhaps sufficient to observe that counsel have cited no authority in support of this contention and we know of none. Evidence that there had been no previous complaints of its work was no more admissible than it would be in a case of agency to excuse a principal for his agent's act, because the principal cannot delegate his responsibility. See *Russell's Express, Inc.* v. *Bray's Garage, Inc.*, 94 Conn. 520, 525, 109 Atl. 722. The court did not err in excluding the evidence.

There is no error.

In this opinion the other judges concurred.