[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff Angela Hamilton brought this action against three parties whom, she claims, were in possession and control of premises upon which she allegedly sustained personal injuries by virtue of having fallen because of an accumulation of snow and ice. These defendants, Circle Associates, Walsh Enterprises and Macway of Vernon, Inc., served an apportionment complaint against the apportionment defendant Jim McDaniels, returnable January 13, 1998. The defendants thereafter, on February 11, 1998 filed a cross complaint claiming indemnity against said Jim McDaniels.
It is alleged in the apportionment complaint, and in the CT Page 13801 indemnity complaint, that McDaniels had an agreement with the defendants to plow snow and that the alleged incident and injuries would have been caused by the negligence of the said Jim McDaniels in failing to fulfill that agreement.
The apportionment defendant Jim McDaniels moves to strike the defendant's apportionment complaint on the basis that the "plaintiff does not owe a duty to the plaintiff" and therefore cannot be brought in for apportionment purposes. The confusion of this terminology is however clarified as the defendants in their brief state that "the duty of care owed by these defendants to an invitee cannot be delegated to an independent contractor, and thus the apportionment defendant cannot be made a party to this claim for purposes of apportionment."
At the outset it should be stated that the plaintiff may have a cause of action against the contractor, even if there is no privity of contract between the injured party and the contractor. See Zapata v. Burns, 207 Conn. 496, 517 (1988); Minten v. Kaish,34 Conn. App. 361, 367 (1994). If that be the case it would appear, on a superficial basis, that the contractor would be a proper party for apportionment. See General statutes § 52-102b(a) and General statutes § 52-572h(c).
General statutes § 52-102b(a) allows apportionment against a person who is or may be liable for a proportionateshare of the plaintiff's damages. General statutes § 52-572h(c) provides that each party against whom recovery is allowed shall be liable to the claimant only for hisproportionate share of damages.
The defendant property possessors cannot absolve themselves, in whole or in part, by delegating to a contractor their duty to keep the premises in reasonably safe condition. "The fact that an independent contractor caused the condition complained of constituted no defense." McGuire v. Hartford Buick Co.,131 Conn. 417, 420 (1944). See also Koskoff v. Goldman, 86 Conn. 415
(1912).
In circumstances such as this the negligence of the contractor is the negligence of the property possessors. The negligence of the two are exactly the same in fact and in law. The negligence of the parties is indivisible because it is singular and identical. The law imposes joint and identical responsibility for the same identical act of negligence. The act CT Page 13802 and hence the responsibility being one and the same, it is identical, indivisible, and hence incapable of being apportioned. This is of course contrasted to separate and distinct acts of negligence, each unrelated act or behavior by unrelated parties giving rise to separate and distinct transgressions, which are of course, capable of being factually and legally apportioned.
For example, solely vicarious responsibilities, principal-agent; employer-employee; operator-family car owner do not give rise to divisible responsibility, and hence are incapable of apportionment. Although primary actors and vicariously responsible parties may be sued individually, or may be joined in the same action, the joining of such parties does not give rise to apportionable liability. Similarly the joining of a property owner and the contractor to whom he has factually assigned a non-delegable duty does not give rise to a claim for apportionment. Even if they may be jointly and severally responsible for the same act of negligence this does not give rise to a claim for reduction of liability to the plaintiff by either of them, through a theory of apportionment of liability for their mutual singular identical transgression.
The claim of relief sought by the defendant land occupiers, apportionment as against their contractor, is not recognizable at law. The motion to strike the apportionment complaint is granted. This court is in agreement with the decision of Judge Selbert inWood v. Chalet Suisse International, CV 94-0245558 S,14 CONN. L. RPTR. 187, May 18, 1995; see also Stockton v. CorporateCenter West, CV 94-0554437, 19 CONN. L. RPTR. 118, February 6, 1997.
The court grants the motion to strike the apportionment complaint.
 II
The third-party defendant McDaniels appears to claim, in its brief, that the court should strike the claim against him for indemnity. This claim for indemnity was asserted against him by the defendants on February 11, 1998, subsequent to service of process and return of the complaint to court on December 11, 1997.
There is no question but that the court obtained in personam jurisdiction over the third-party defendant by service of process. Nor is there any question that the statute of CT Page 13803 limitations has not expired on an indemnity claim. General Statutes § 52-598a.
The fact that the court determines that the land occupying defendants cannot diminish their responsibility to the plaintiff by a theory of apportionment does not preclude the defendants from seeking indemnity against their own contractor. See Kaplanv. Merberg Wrecking Co., 152 Conn. 405 (1965). The proposition that the defendants and the third party may have been jointly liable to the plaintiff for the entire loss, had the plaintiff chosen to sue them both, and the fact that liability is not apportionable between the land possessor and his contractor, as concerns the plaintiff, does not preclude an action for indemnity by the land possessor party. Hence the court does not strike the complaint for indemnity.
L. Paul Sullivan