[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPORTIONMENT DEFENDANT'S MOTION TO STRIKE (#110)
The plaintiff, Charles Fullerton, filed this complaint against the defendant, Wawa, Inc., alleging that Wawa failed to remove ice from its premises and that, as a result of this negligence, the plaintiff was injured when he slipped and fell on the ice. Wawa then served an apportionment complaint against Stone Painting Drywall, Inc., seeking apportionment of liability. Wawa alleges that Stone, whom Wawa hired to remove ice and snow from the premises, was negligent in failing to prevent the slippery conditions that resulted in Fullerton's injury.
Stone has now moved to strike the apportionment complaint, pursuant to Practice Book § 10-39, "on the ground that it is legally insufficient since apportionment of liability as between a land owner and a snow plow contractor is inappropriate." "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded . . . the role of the trial court is to examine the complaint, construed in favor of the [apportionment plaintiff], to determine whether the pleading party has stated a legally sufficient cause of action." (Citation omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997); see Practice Book §10-39.
General Statutes § 52-572h(c) provides in pertinent part that "if the damages [in a negligence action] are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the . . . damages . . ." Id. "In order for a defendant to add a person to [a negligence] action for purposes of apportionment of liability, the person sought to be added must also be one who is or may be liable pursuant to § 52-572h." Bhinder v. Sun Co.,246 Conn. 223, 231, (1998); see General Statutes § 52-102b.
Stone contends that it, as an independent contractor, cannot be liable to Fullerton for failing properly to remove the snow and ice from the premises because snow and ice removal is a non-delegable duty of the landowner. Citing Wood v. ChaletSusse International, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995, Silbert, J.), Stone therefore asserts that it cannot be an apportionment CT Page 14888 defendant.
Wawa relies on Minton v. Krish, 34 Conn. App. 361,642 A.2d 18 (1994) and Dowd v. Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (January 16, 1998, Leheny, J.) in support of its claim that Stone can be brought in as an apportionment defendant. The reference to these cases, however, is unavailing.
In Minton v. Krish, supra, 34 Conn. App. 361, the plaintiff was an employee of ESPN. ESPN hired Krish, an independent contractor, to install a sliding glass door in ESPN's office building. Minton sued Krish after tripping and falling on the track of the sliding door that Krish had finished installing about four months prior to the accident. In reversing the trial court's decision granting Krish's motion for summary judgment, the Appellate Court held that "[o]ne who on behalf of the possessor of land . . . creates any other condition thereon is subject to liability to others upon or outside of the land for physical harm caused to them by the dangerous character of . . . the condition after his work has been accepted by the possessor . . ." Id., 367-68. (Emphasis added).
In Dowd v. Jack, supra, Superior Court, Docket No. 323612, the court, Leheny, J., applied the Minton v. Krish holding to a slip and fall case with facts virtually identical to the present case: the plaintiff had slipped and fallen on snow or ice in a restaurant parking lot, and the defendant landowner had filed an apportionment complaint against an independent contractor hired to remove snow and ice. "The slip and fall incident . . . was a foreseeable consequence of [the apportionment defendant's] alleged negligence. Thus, if [the plaintiff's] allegations are true, [the apportionment defendant] could reasonably be held liable for the plaintiff's injuries." Id.
The holding in Minton v. Krish, however, had emphasized the difference between the "completed-and-accepted" and "foreseeability" rules in the context of contractor liability cases. That, of course, is not the context in which this case arises, nor is it alleged that Stone "created" the condition that caused the plaintiff to slip and fall. The Minton decision did not address the context within which this case arises, where the landowner has a non-delegable duty to keep its premises clear of dangerous conditions that its employees or other individuals might encounter. Wawa has offered no convincing authority for the CT Page 14889 proposition that Minton has altered the general rule that a possessor of land has a non-delegable duty to keep its premises reasonably safe for invitees. See, Lobovits v. Nemeth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348992, 21 CONN. L. RPTR. 651 (April 7, 1998, Stodolink, J.);Braun v. Valeur-Jensen, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 158163 (March 10, 1998,Karazin, J.).
The proximate cause of Fullerton's injury, for purposes of this motion to strike, was Wawa's breach of its non-delegable duty to the plaintiff. Stone owed to the plaintiff no such duty, the breach of which could be considered the proximate cause of his injuries. Dowd v. Jack, supra, Superior Court, Docket No. 323612, which relies on Minton but appears not to have considered this distinction, is therefore also inapplicable.
Wood v. Chalet Susse International, supra, Superior Court, Docket No. 245558, 14 CONN. L. RPTR. 187, decided by the undersigned, is analogous to this case. In that case, the plaintiff had slipped and fallen on snow or ice in a hotel parking lot. The undersigned denied a motion to cite in an additional party (the independent contractor), holding that "[a]pportionment should not occur when the named defendant is responsible for the acts of an independent contractor to whom it has delegated a non-delegable duty." Id. Other judges of the Superior Court have also taken this approach to the resolution of similar controversies. See Lobovits v. Nemeth, supra;Fuda v. Judd Square Associates, Superior Court, judicial district of Meriden, Docket No. 251564 20 CONN. L. RPTR. 285 (August 18, 1997, Dipentima, J.); Stockton v. Corporate Center WestAssociates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 544437 19 CONN. L. RPTR. 118 (February 5, 1997, Hennessey, J.).
Stone's motion to strike the apportionment complaint is therefore granted because Wawa cannot apportion its liability when the proximate cause of the plaintiff's injury is the alleged breach of its own non-delegable duty to keep its premises reasonably free of snow and ice.
Jonathan E. Silbert, Judge