[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #110
The plaintiff, Charles Gulisano, brings this action against the defendant, National Amusements, Inc. (hereinafter "National"), alleging that he fell on ice and snow on February 15, 1997 while a business invitee in the parking lot of the defendant's movie theater. The plaintiff claims that he suffered injuries due to the defendant's negligence in failing to keep its premises in a reasonably safe condition.
Pursuant to C.G.S. § 52-102 (b), National has filed an apportionment complaint against Mark McCarthy d/b/a Macbeth Landscaping (hereinafter "McCarthy") alleging that McCarthy was CT Page 9811 responsible for snow and ice removal in the parking lot and therefore, if the lot was dangerous due to snow and ice, it was due to the negligence of McCarthy.
McCarthy has moved to strike the apportionment complaint essentially claiming that a landowner has a non-delegable duty to keep its premises reasonably safe for invitees and thus cannot apportion liability to McCarthy as an independent contractor.
In ruling on the motion to strike, the court must consider as true the facts alleged in the complaint, and construe those facts most favorably to the pleader, in this case, National.Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
There is a split of authority at the trial court level as to whether a snow plow contractor can be added as an apportionment defendant in an action by a property owner who has been sued by an invitee. Those cases which reject such a claim do so on the basis that the landowner has a non-delegable duty to maintain its premises in a safe condition and therefore cannot seek to apportion liability to an independent contractor. See Princev. Waldbaum's, Superior Court, judicial district of Danbury, Docket No. 330786 (November 15, 1998, Moraghan, J.);Mandrillo v. Hawley Sweeping and Co., Superior Court, judicial district of Danbury, Docket No. 330519 (September 17, 1998, Moraghan, J.); Lobovits v. Nemeth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348992 (April 7, 1998, Stodolink, J.); Stockton v. CorporateCenter West Assoc., Superior Court, judicial district of Hartford, Docket No. 544437 (February 5, 1997, Hennessey, J.);Wood v. Chalet Susse Int'l., Superior Court, judicial district of New Haven, Docket No. 245558 (May 18, 1995, Silbert, J.)
Those cases allowing such an apportionment action reason that the contractor has an independent duty to any person who may foreseeably be injured if the contractor fails to use due care in removing snow and ice from the premises. See Hamilton v.Circle Associates, Superior Court, judicial district of Tolland at Rockville, Docket No. 65103 (November 30, 1998, Sullivan, L., J.); Uliano v. East Hill Woods, Superior Court, judicial district of Milford, Docket No. 061900 (November 9, 1998, Grogins, J.); Dowd v. Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (January 16, CT Page 9812 1998, Leheny, J.); Schweitzer v. Andover Ltd.Partnership, Superior Court, judicial district of New Haven, Docket No. 280420 (September 6, 1990, Hadden, J.); Veach v.Waldbaum's Inc., Superior Court, judicial district of Danbury, Docket No. 331159 (September 16, 1998, Radcliffe, J.)
This court agrees with those cases which allow an apportionment claim against an independent contractor under circumstances such as those in the case at hand. In the court's view, if the plaintiff would be able to assert a direct cause of action against the independent contractor, or snow plow contractor in this case, there should be no reason why such contractor could not be brought in by the defendant property owner as an apportionment defendant.
Whether or not the plaintiff in this case has a cause of action against McCarthy depends upon whether a duty of care exists on the part of McCarthy to the plaintiff. In the court's opinion, such a duty does exist. The law in this state is that an independent contractor may still be liable to a third person for its negligence even after its work has been completed and accepted by an owner. Minton v. Kish,34 Conn. App. 361, 365 (1994). An independent contractor may be liable to those persons who may foreseeably be injured by its negligence. Zapata v. Burns, 207 Conn. 496,517 (1988).
One who contracts with the owner of commercial premises to keep a parking lot free of ice and snow should reasonably foresee that failure to properly do so would likely subject persons using that parking lot to physical injury. Hence, the duty to use reasonable care.
In so hold, this court does not disagree that a nondelegable duty remains with the owner to keep its premises reasonably safe. That duty remains. However, an independent duty also exists on the part of the snow plow contractor to use reasonable, care.
For the above stated reasons, the motion to strike the apportionment complaint is denied.
Thompson, J. CT Page 9813