[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Nyla Siade brought suit against Constitution Management Corporation, Colonial Constitution Limited Partnership, and Hinman's, Inc. d/b/a Riverside Nursery.
The plaintiff was an employee of a bank located at Constitution Plaza. On the morning of March 3, 1992 at approximately 8:30 a.m. she fell on ice located at the plaza. The defendant Colonial Constitution Limited Partnership was the owner of the real estate. The defendant Constitution Management Corporation was the managing agent and the defendant Hinman's, Inc. was a snow plow contractor contracted to keep the area safe from ice and snow.
The defendant Colonial Constitution Limited Partnership was defaulted for failure to appear and on September 3, 1999 this court entered a judgment against it in the amount of $143,513.00.
On September 1, 1999, the jury in the case returned a verdict on the dispute between the plaintiff and the remaining defendants. The jury found that the defendants Constitution Management Corporation and Colonial Constitution Limited Partnership shared the control of the premises where the plaintiff fell. The jury further found that the negligence of the defendant Constitution Management Corporation was the proximate cause of the plaintiff's injuries. The defendant found that the snow removal contractor, Hinman's, was not negligent. Because the owner, Constitution Limited Partnership, had already been defaulted and was not before the court, the jury was not asked to render a verdict on the limited partnership's CT Page 13519 negligence, if any.
The jury then awarded damages as follows:
Economic Damages: $3,580.00
Non-Economic Damages: $167,814.00
Total Damages: $171,429.00
The jury also found comparative negligence of thirty percent so that the jury's verdict would be reduced to a net verdict of $120,000.00.
The court is faced with the peculiar situation where the management company has been found negligent and the owner has been defaulted for failure to appear. A default judgment has entered against the owner.
 DISCUSSION
The duty to invitees hinges on possession and control of the premises where the fall occurred. Farlow v. Andrews Corp. ,154 Conn. 220, 225 (1966). The negligence of the parties in possession and control is indivisible and incapable of being apportioned. Hamilton v. Circle Associates,23 Conn. L. Rptr. 203
(1998). The only issue is whether the possession and control is sole (100%), joint (50-50) or non-existence (0). See Adams v.Recorded Picture Company, 1993 W.L. 479852 (Conn.Sup. 1993).
Because the parties and the court recognized the significance of control in a premises liability case the jury was specifically asked whether the owner and the management company shared control. The jury answered that question in the affirmative.
It is unclear whether joint and several liability exists in Connecticut. Connecticut General Statute Section 52-572h(c) provides in pertinent part:
 " . . . If the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable non-economic damages except as provided in subsection g of this CT Page 13520 section."
In Nash v. Yap, 247 Conn. 638 (1999) the Supreme Court wrote "Tort Reform I is the governing law and . . . its provisions supercede common law rules of joint and several liability."
An attempt to impose joint and several liability and negligence against two defendants in a premises liability action was disallowed in Gudaitis v. The Great Atlantic and Pacific TeaCompany, Inc., 1998 W.L. 462-63 (Conn.Sup. 1998).
In Hamilton v. Circle Associates, the court considered claims by the plaintiff, Angela Hamilton, against three parties whom she claimed were in possession and control of the premises upon which she allegedly sustained personal injuries because of a fall occasioned by the accumulation of ice and snow. In Hamilton
it was alleged in an apportionment complaint that a contractor had an agreement with the defendant owner to plow snow and that the alleged incident and injuries were caused by the negligence of the contractor in failing to carry out its contract. It is clear that the defendant property possessors cannot absolve themselves, in whole or in part, of liability by delegating to a contractor their duty to keep the premises in reasonably safe repair. "The fact that an independent contractor caused the condition complained of constituted no defense." McGuire v.Hartford Buick Co., 131 Conn. 417, 420 (1944)
The court in Hamilton reasoned:
 "In circumstances such as this the negligence of the contractor is the negligence of the property possessors. The negligence of the two are exactly the same in fact and in law. The negligence of the parties is indivisible because it is singular and identical. The law imposes joint and identical responsibility for the same identical act of negligence. The act and hence the responsibility being one in the same, it is identical, indivisible and hence, incapable of being apportioned. This is of course contrasted to separate and distinct acts of negligence, each unrelated act or behavior by unrelated parties giving rise to separate and distinct transgressions which are, of course, capable of being factually and legally apportioned.
 For example, solely vicarious responsibilities, principal-agent; employer-employee; operator-family car owner do not CT Page 13521 give rise to divisible responsibility, and hence are incapable of apportionment. Although primary actors and vicariously responsible parties may be sued individually, or may be joined in the same action, the joining of such parties does not give rise to apportionable liability.
 Similarly, the joining of a property owner and the contractor to whom he has factually assigned a non-delegable duty does not give rise to a claim for apportionment. Even if they may be jointly and severally responsible for the same act of negligence this does not give rise to a claim for reduction of liability to the plaintiff by either of them, through a theory of apportionment of liability for their mutual singular identical transgression.
In essence, the defendant management company seems to argue that joint and several liability no longer exists in Connecticut. The management company appears to agree that this is not an appropriate case for apportionment under Connecticut General Statute Section 52-572h(c). This defendant then argues that since the jury found the management company in control jointly with the defaulted owner, the court should reduce the jury's verdict against the management company by half because each defendant failed in its duties to the plaintiff.
It appears to the court that whatever the merits might be of suits by the management company against the owner, and without regard to any reduction in the verdict which may be appropriate for any reason not herein addressed, the court should not reduce the verdict as found by the jury for the reasons set forth in this memorandum.
Without prejudice to any post trial motions which have not yet been ruled upon, the court does not reduce the jury verdict because of the management company's claim of a single duty.
Booth, J.