[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The issue in this case is the same as the primary issue inHamilton v. Circle Associates, et al, decided by this court on November 30, 1998, CV 97 65103 S.
In a snow and ice fall down situation can the landlord-defendant cite in for apportionment his snow removal contractor?
The contractor moves to strike the apportionment complaint on the basis that the landlord's duty is non delegable and cannot be limited by apportionment. At the outset it should be stated that the plaintiff may have a cause of action against the contractor, even if there is no privity of contract between the injured party and the contractor. See Zapata v. Burns, 207 Conn. 496, 517
(1988); Minten v. Kaish, 34 Conn. App. 361, 367 (1994). If that be the case it would appear, on a superficial basis, that the contractor would be a proper party for apportionment. See General Statutes § 52-102b(a) and General Statutes § 52-572h(c).
General Statutes § 52-102b(a) allows apportionment against a person who is or may be liable for a proportionate share of the plaintiffs damages. General Statutes § 52-572h(c) provides that each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of damages. CT Page 860
The defendant property possessors cannot absolve themselves, in whole or in part, by delegating to a contractor their duty to keep the premises in reasonably safe condition. "The fact that an independent contractor caused the condition complained of constituted no defense." McGuire v. Hartford Buick Co.,131 Conn. 417, 420 (1944). See also Koskoff v. Goldman, 86 Conn. 415
(1912).
In circumstances such as this the negligence of the contractoris the negligence of the property possessors. The negligence of the two are exactly the same in fact and in law. The negligence of the parties is indivisible because it is singular and identical. The law imposes joint and identical responsibility for the same identical act of negligence. The act and hence the responsibility being one and the same, it is identical, indivisible, and hence incapable of being apportioned. This is of course contrasted to separate and distinct acts of negligence, each unrelated act or behavior by unrelated parties giving rise to separate and distinct transgressions, which are of course, capable of being factually and legally apportioned.
For example, solely vicarious responsibilities, principal-agent; employer-employee; operator-family car owner do not give rise to divisible responsibility, and hence are incapable of apportionment. Although primary actors and vicariously responsible parties may be sued individually, or may be joined in the same action, the joining of such parties does not give rise to apportionable liability. Similarly the joining of a property owner and the contractor to whom he has factually assigned a non-delegable duty does not give rise to a claim for apportionment. Even if they may be jointly and severally responsible for thesame act of negligence this does not give rise to a claim for reduction of liability to the plaintiff by either of them, through a theory of apportionment of liability for their mutual singular identical transgression.
The claim of relief sought by the defendant land occupiers, apportionment as against their contractor, is not recognizable at law. The motion to strike the apportionment complaint is granted. This court is in agreement with the decision of Judge Selbert inWood v. Chalet Suisse International, CV 94-0245558 S, May 18, 1995; see also Stockton v. Corporate Center West, CV 94-0554437, February 6, 1997.
The landlord is not without a potential remedy, as the landlord CT Page 861 may seek indemnity against his contractor. See Kaplan v. MerbergWrecking Co., 152 Conn. 405 (1965). The statute of limitations has not expired for asserting such claim. General Statutes §52-598a.
The motion to strike the apportionment complaint is granted.
L. Paul Sullivan, J.