[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPORTIONMENT DEFENDANT'S MOTION TO STRIKE
The plaintiff, Joan Hoyt, filed a premises liability action against the defendant, K-Mart Corporation (K-Mart), on November 7, 1997, alleging that she was caused to slip and fall in the Super K-Mart located at 953 North Colony Road, Wallingford, Connecticut, due to an extremely waxy, slippery and smooth floor. On February 18, 1998, the defendant filed its answer and special defense.
On May 29, 1998, the defendant filed an amended apportionment complaint against the apportionment defendant, R.J. Miguel Services, Inc. (Miguel Services), alleging that, if the plaintiff was injured, it was the proximate result of Miguel Services's negligence because they were responsible for cleaning, maintaining and inspecting the area in question. The defendant argues that where the plaintiff failed to name Miguel Services as a party defendant, K-Mart is entitled to have Miguel Services made a party defendant to effectuate its remedy of apportionment pursuant to General Statutes § 52-572h.[1]
On December 22, 1999, the apportionment defendant, Miguel Services, filed a motion to strike (#137) together with a supporting memorandum. On CT Page 8013 January 5, 2000, K-Mart timely filed a memorandum in opposition to the motion to strike. The court heard oral arguments at short calendar on April 17, 2000, and now issues this memorandum of decision.
"Whenever any party wishes to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39; see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "This includes the facts necessarily implied and fairly provable under the allegations." WestportBank Trust Co. v. Corcoran, Malin Aresco, 221 Conn. 490, 495,221 A.2d 490 (1992). The motion to strike, however, "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 580.
Miguel Services moves to strike K-Mart's apportionment complaint on the grounds that it fails to state a claim upon which relief may be granted. In its supporting memorandum, Miguel Services argues that as the owner of the property, K-Mart owed the plaintiff a non-delegable duty to keep the premises in a reasonably safe condition and was responsible for the acts of Miguel Services, an independent contractor, to whom K-Mart delegated this non-delegable duty. Therefore, Miguel Services argues that apportionment is inappropriate. Additionally, Miguel Services argues that K-Mart failed to allege that Miguel Services had possession or control of the premises, or any other basis upon which a duty might be inferred or liability predicated. In its opposition memorandum, K-Mart argues that Miguel Services is liable for the foreseeable results of its own negligence. Additionally, K-Mart argues that alleging negligence and injury to a foreseeable plaintiff are sufficient to purport an apportionment claim against an independent contractor, such as Miguel Services.
It is the general rule in Connecticut that a defendant landowner owes a non-delegable duty of care to keep its premises reasonably safe for invitees. See Fullerton v. Wawa, Inc., Superior Court, judicial district of New Haven, Docket No. 406911 (December 15, 1998, Silbert, J.); see also Bracero v. Thames River Assoc., Superior Court, judicial district of New London, Docket No. 545594 (December 10, 1998, Martin, J.); LobovitsCT Page 8014v. Nemeth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348992 (April 7, 1998, Stodolink, J.) (21 Conn.L.Rptr. 651). "The defendant property possessors cannot absolve themselves, in whole or in part, by delegating [this duty] to a contractor. . . ." Hamilton v.Circle Associates, Superior Court, judicial district of Tolland at Rockville, Docket No. 065103 (November 30, 1998, Sullivan, J.) (23 Conn.L.Rptr. 203). Here, Miguel Services was hired by K-Mart, as an independent contractor, to clean, maintain and inspect the area where Miguel Services's alleged negligence caused the plaintiff to fall and sustain injuries. K-Mart's non-delegable duty to this plaintiff, as a business invitee, implicates vicarious responsibility for the alleged negligent acts of Miguel Services, its independent contractor. SeeHamilton v. Circle Associate, supra, 23 Conn.L.Rptr. 203 (same theory of liability as principle-agent, employer-employee, and operator-family car owner relationships); see also Fullerton v. Wawa, supra, Superior Court, Docket No. 406911.
General Statutes § 52-572h (c) provides, in pertinent part, that "if the damages [in a negligence action] are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of . . . the damages. . . ." "General Statutes §52-102b (a) allows apportionment against a person who is or may be liable for a proportionate share of the plaintiff's damages." Hamilton v. CircleAssociates, supra, 23 Conn.L.Rptr. 203.
"Although [the independent contractor] and [the] vicariously responsible [property owner] may be sued individually, or may be joined in the same action, the joining of such parties does not give rise to apportionable liability." Hamilton v. Circle Associates, supra,23 Conn.L.Rptr. 203; see also Zapata v. Burns, 207 Conn. 496, 517,542 A.2d 700 (1988); Minten v. Kaish, 34 Conn. App. 361, 367, 642 A.2d 18
(1994); see, e.g., Lawson v. Industrial Development, Superior Court, judicial district of Waterbury, Docket No. 139538, (January 22, 1999,Gill, J.) (motion for summary judgment denied where plaintiff sued the independent contractor directly). Accordingly, "[a]pportionment should not occur when the named defendant is responsible for the acts of an independent contractor to whom it has delegated a non-delegable duty."Wood v. Chalet Susse International, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995, Silbert, J.) (14 Conn.L.Rptr. 187) (court denied motion to cite in party hired by the defendant hotel to remove snow from hotel's sidewalk because hotel's duty of care owed to the plaintiff could not be delegated); see also Lobovitsv. Nemeth, supra, 21 Conn.L.Rptr. 651.
As a result, for purposes of this motion, the proximate cause of the CT Page 8015 plaintiff's alleged injuries was K-Mart's breach of its non-delegable duty to keep its premises safe for all invitees. See General Statutes §52-572h (c); Wood v. Chalet Susse International, supra,14 Conn.L.Rptr. 187. Miguel Services owed no such duty to the plaintiff, the breach of which could be considered the proximate cause of her injuries. SeeFullerton v. Wawa, Inc., supra, Superior Court, Docket No. 406911 (independent contractor's motion to strike apportionment complaint granted because defendant property owner could not apportion its liability when proximate cause of plaintiffs injury is the alleged breach of the property owner's non-delegable duty to keep premises safe). Accordingly, the fact that Miguel Services caused the condition which allegedly injured the plaintiff constitutes no defense for K-Mart as the defendant property owner. See McGuire v. Hartford Buick Co., 131 Conn. 417,420, 40 A.2d 269 (1944); Hamilton v. Circle Associates, supra,23 Conn.L.Rptr. 203.
Pursuant to the foregoing, the apportionment defendant's motion to strike the amended apportionment complaint is granted. "Because [K-Mart] could not delegate its duty to the plaintiff to keep the premises safe, and because it is responsible to the plaintiff for any negligence on the part of [Miguel Services, the independent contractor], apportionment is not appropriate." Wood v. Chalet Susse International, supra,14 Conn.L.Rptr. 187; see also Prince v. Waldbaum, Superior Court, judicial district of Danbury, Docket No. 330786 (November 16, 1998, Moraghan,J.).
Hon. Andre C. Kocay, J.