[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Ariel Falcon, filed a complaint on October 16, 1998, alleging in a single count that the defendants, Deerfield Woods Condominiums Association (hereinafter "Deerfield")and MJL Management (hereinafter "MJL"), were negligent in maintaining the common area where Falcon slipped and suffered injuries.
On February 25, 1999, Deerfield and MJL filed a complaint for apportionment against the third-party defendant, Joseph Konkol, d/b/a Greenskeeper Lawn Care, alleging that Falcon's injuries were caused as a result of Konkol's negligence in allowing snow and ice to accumulate upon a common area of Deerfield's property.[1] On September 22, 1999, Falcon filed an amended complaint alleging in his second count that Konkol's negligence contributed to Falcon's injuries.[2]
On November 18, 1999, Konkol filed a motion to strike Deerfield's and MJL's apportionment complaint and the second count of Falcon's amended complaint. Konkol asserts that Deerfield and MJL owe a nondelegable duty to Falcon, therefore Deerfield and MJL's apportionment complaint and the second count of Falcon's amended complaint are legally insufficient.
As required by Practice Book § 10-42, Konkol filed a memorandum in support of its motion to strike, and Deerfield and MJL have timely filed a memorandum in opposition. Falcon has not filed a memorandum in opposition.[3]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial."Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994). "[The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the maimer most favorable to sustaining its legal sufficiency." Peter-Michael, Inc.v. Sea Shell Associates, supra, 244 Conn. 270. "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998). CT Page 16067
In their apportionment complaint, Deerfield and MJL allege that Konkol's negligence directly and immediately caused the injuries suffered by Falcon. They argue that because Konkol was allegedly negligent, that Konkol should be liable for any losses resulting from his negligence and therefore apportionment is proper. In his motion to strike, Konkol asserts Deerfield and MJL, as owner and manager of the property in question, owe a duty to Falcon to keep the premises reasonably safe. Konkol argues that this duty cannot be delegated to a contractor, and therefore apportionment is improper.
There is a split of authority at the trial court level as to whether a snow plow contractor can be added as an apportionment defendant in an action by a property owner who has been sued by an injured party. The courts allowing an apportionment action reason that the contractor owes an independent duty to any person who may be foreseeably injured if the snow plower is negligent in removing snow and ice. See Guliasano v.National Amusements, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 65495 (July 29, 1999, Thompson. J.) (25 Conn. L. Rptr. 203);Uliano v. East Hill Woods, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061900 (November 9, 1998,Grogins, J.) (23 Conn.L.Rptr. 335); Veach v. Waldbaum's Inc., Superior Court, judicial district of Danbury, Docket No. 331159 (September 16, 1998, Radcliffe, J.) (23 Conn.L.Rptr. 145); Dowd v. Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (January 16, 1998, Leheny J.); Schweitzer v. Andover Ltd. Partnership, Superior Court, judicial district of New Haven at New Haven, Docket No. 280420 (September 6, 1990, Hadden, J.).
The cases rejecting an apportionment action reason that the landlord has a nondelegable duty to maintain its premises in a safe condition and therefore cannot seek to apportion liability to an independent contractor. See Currier v. Fieldstone Village, Superior Court, judicial district of Tolland at Rockville, Docket No. 69258 (January 19, 2000Sullivan, J.); Riggione v. Kmart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000, Alander,J.); Benedetto v. Stamford Transit District, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149024 (November 17, 1999, Lewis, J.) cert. granted, Benedetto v. Stamford TransitDistrict, Connecticut Supreme Court, Docket No. SC 16202 (January 25, 2000)[4]; Duerr v. Sage Associates, Superior Court, judicial district of New London at New London, Docket No. 539139 (March 15, 1999, Martin,J.); Fullerton v. Wawa, Superior Court, judicial district of New Haven, Docket No. 406911 (December 15, 1998, Silbert, J.) (23 Conn.L.Rptr. 549);Bracero v. Thames River Assoc., Superior Court, judicial district of New London at New London, Docket No. 545594 (December 10, 1998, CT Page 16068Martin, J.) (23 Conn.L.Rptr. 506); Hamilton v. Circle Associates, Superior Court, judicial district of Tolland at Rockville, Docket No. 65103 (November 30, 1998, Sullivan, L., J.) (23 Conn.L.Rptr. 203);Prince v. Waldbaum's, Inc., Superior Court, judicial district of Danbury, Docket No, 330786 (November 15, 1998, Moraghan, J.) (23 Conn. L. Rptr. 335);Lobovits v. Nemeth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348992 (April 7, 1998, Stodolink, J.) (21 Conn.L.Rptr. 651); Fuda v. Judd Square Associates, Superior Court, judicial district of New Haven at Meriden, Docket No. 251564 (August 18, 1997, De Pentima, J.) (20 Conn.L.Rptr. 285); Stockton v. CorporateCenter West Assoc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 544437 (February 5, 1997, Hennessey,J.); Wood v. Chalet Susse Int'l., Superior Court, judicial district of New Haven at New Haven, Docket No. 245558 (May 18, 1995, Silbert, J.) (14 Conn.L.Rptr. 187); Mandrillo v. Hawley Sweeping and Co., Superior Court, judicial district of Danbury, Docket No. 330519 (September 17, 1994, Moraghan, J.) (23 Conn.L.Rptr. 146).
General Statutes § 52-102b permits a defendant in a negligence action to serve an apportionment complaint on a person not a party to the action. "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." General Statutes § 52-102b(a). General Statutes § 52-572h(c) provides, in relevant part, that "if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the . . . damages. . . ." Konkol is not a person who is or may be liable for the proportionate share of Falcon's damages as required by General Statutes § 52-102b(a).
A landlord has a duty to keep all common areas of the premises in a clean and safe condition. General Statutes § 47a-7(3). When maintaining the common areas of the premises, the landlord's position is closely analogous to that of a possessor who permits visitors to enter for a purpose of his own, therefore persons expected to use the common area may be considered invitees. W. Prosser W. Keeton, Torts (5th Ed. 1984) § 63, p. 440. "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe." Morin v. Bell Court Condominium Assn., Inc.,223 Conn. 323, 327, 612 A.2d 1197 (1992). The possessor of a premises who owes a duty to an invitee to keep the premises in a safe condition cannot escape liability by hiring another to maintain the premises. Tarzia v.Great Atlantic and Pacific Tea Co., 52 Conn. App. 136, 148, 727 A.2d 219, CT Page 16069 defendant's motion for cert. denied, 248 Conn. 920, 734 A.2d 569 (1999); see also Koskoff v. Goldman, 86 Conn. 415, 420, 85 A. 588 (1912); D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 55, p. 146. "The fact that an independent contractor caused the condition complained of constitute[s] no defense." McGuire v.Hartford Buick Co., 131 Conn. 417, 420, 40 A.2d 269 (1944). "It has been held that the employer of an independent contractor may be vicariously liable for the torts of the contractor . . . [w]here the employer has attempted to shift to a contractor a non-delegable duty . . . [T]he possessor of land cannot delegate the duty owed to an invitee." Wood v.Chalet Susse International, supra, 14 Conn.L.Rptr. 188, quoting D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 67, p. 177-78.
"Vicarious liability is based on a relationship between the parties, irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other. Its true basis is largely one of public and social policy under which it has been determined that, irrespective of fault, a party should be held to respond for the acts of another." (Internal quotation mark omitted.) Alvarez v.New Haven Register, Inc., 249 Conn. 709, 720, 735 A.2d 306 (1999). Under the principle of vicarious liability, the negligence of the agent is imputed to the principal. Riggione v. Kmart Corp., supra, Superior Court, Docket No. 425255; "K. Prosser W. Keeton, Torts (5th Ed. 1984) § 69, p. 499. "The liability of a master for the acts of a servant, or that of a principal, in exceptional circumstances, for those of a non-servant agent, within the scope of the employment or agency, stands upon grounds that do not support apportionment. Under the doctrine of respondeat superior, the master becomes responsible for the same act for which the servant is liable, and for the same consequences. Ordinarily, there is a sound basis for indemnity, but not for any apportionment of damages between the two." Riggione v. Kmart Corp., supra, Superior Court, Docket No. 425255; W. Prosser W. Keeton, Torts (5th Ed. 1984) § 52, p. 346. "In circumstances such as this the negligence of the contractor is the negligence of the property possessors. The negligence of the two are exactly the same in fact and in law. The negligence of the parties is indivisible because it is singular and identical. The law imposes joint and identical responsibility for the same identical act of negligence. The act and hence the responsibility being one and the same, it is identical, indivisible, and hence incapable of being apportioned." (Emphasis in original.) Currier v. Fieldstone Village, supra, Superior Court, Docket No. 69258 (considering whether a landlord can cite in independent snow removal contractor for apportionment). The underlying principle of Connecticut's apportionment statute § 52-572h is that a negligent defendant, instead of being joint and severally liable for the CT Page 16070 entire amount of damages, should be liable only for that proportion of damages for which he or she is responsible. Bhinder v. Sun Co.,246 Conn. 223, 238, 717 A.2d 202 (1998), overruled in part on other grounds, Allard v. Liberty Oil Equipment Co., 253 Conn. 787, 801-05,756 A.2d 257 (2000); Riggione v. Kmart Corp., supra, Superior Court, Docket No. 425255. Because Deerfield and MJL owe a duty to Falcon analogous to that of an invitee, that the duty to Falcon is nondelegable to Konkol. Deerfield and MJL, as possessor and manager of the premises, are vicariously liable for any negligence that Konkol, as Deerfield's and MJL's agent, may have committed in failing to maintain the premises in a reasonably safe condition and, therefore, apportionment is not appropriate because Konkol is not a person who is or may be liable for the proportionate share of Falcon's damages as required by General Statutes § 52-102b(a).
Relying upon the reasoning set forth in Uliano v. East Hill Woods,Inc., supra, 23 Conn.L.Rptr. 337, and Dowd v. Jack, supra, Superior Court, Docket No. 323612, Deerfield and MJL argue that the independent contractor, and not the owner, should be liable for any losses resulting from negligence in the performance of the contractor's work. Both Ulianov. East Hill Woods, Inc. and Dowd v. Jack rely upon Minton v. Krish,34 Conn. App. 361, 642 A.2d 18 (1994), for the proposition that an independent contractor is liable to anyone who may be foreseeably injured by the contractor's negligence. In Minton v. Krish, Minton, an employee of the land owner sued Krish, the independent contractor, because she tripped and fell on the track of the sliding glass door which Krish had installed. The court held that the independent contractor was subject to liability when the contractor had created the dangerous condition which resulted in the physical harm.
Uliano v. East Hill Woods, Inc., supra, 23 Conn.L.Rptr. 337 and Dowdv. Jack, supra, Superior Court, Docket No. 323612, along with the other Superior Court decisions that permit apportionment of an independent snow removal contractor relied upon higher court authority where apportionment was permitted when a construction contractor created the dangerous situation. See Minton v. Krish, supra, 34 Conn. App. 365; Zapata v.Burns, 207 Conn. 496, 517, 542 A.2d 700 (1988); Darling v. BurroneBros., Inc., 162 Conn. 187, 196, 292 A.2d 912 (1972). None of the cases relied upon address a situation where the landowner has a positive duty to keep the premises safe and, in carrying out that duty, employs an independent contractor to eliminate a dangerous situation. Deerfield and MJL do not allege that Konkol "created" the snow and ice which caused Falcon to fall. Applying the decision in Minton to a situation where no allegation has been made that the contractor created the dangerous situation is misplaced. Regardless of whether it could be found, however, that Konkol created the dangerous situation on Deerfield's CT Page 16071 property, as articulated in Fullerton v. Wawa, supra,23 Conn.L.Rptr. 550, the Minton decision is not applicable in a situation where the property owner had a nondelegable duty to the invitee to keep the premises safe. Therefore, because the Minton decision is not applicable to the current case, Deerfield and MJL continue to owe Falcon a nondelegable duty to keep its premises reasonably safe for invitees, and that apportionment of liability is not appropriate.
For the foregoing reasons, Konkol's motion to strike Deerfield's and MJL's apportionment complaint and the second count of Falcon's amended complaint is granted on the ground that the apportionment claim is legally insufficient.
Howard F. Zoarski, Judge Trial Referee