[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPORTIONMENT DEFENDANTS' MOTION TO STRIKE (#107)
This action comes before the court on the apportionment defendants' motion to strike the apportionment complaint dated February 6, 2001. For the reasons stated below, the apportionment defendants' motion to strike is granted.
 I FACTS AND PROCEDURAl HISTORY
On March 1, 2001, the apportionment plaintiff, Mountain Avenue II Associates (Mountain) filed the present apportionment complaint (#104). Mountain alleges the following facts in its apportionment complaint. Mountain contracted with the apportionment defendants, George McMahon and George McMahon Lawn Service, L.L.C., to perform maintenance services for 3 Regency Drive, Bloomfield, Connecticut, including but not limited to snow removal, ice removal, sanding, salting and other tasks to maintain the premises in a reasonably safe condition. On January 19, 1999, the plaintiff, Sarah Kindl, sustained personal injuries when she slipped and fell in the parking area of 3 Regency Drive.
The two count apportionment complaint also alleges that George McMahon and McMahon Lawn Service, L.L.C. were negligent in that they failed to: remove the ice which had accumulated in the parking lot; spread salt upon the ice; spread sand upon the ice; remedy the dangerous condition; properly inspect the parking lot; protect the patrons; and warn people of the slippery conditions. CT Page 12284
On April 9, 2001, George McMahon and McMahon Lawn Service, L.L.C. filed the present motion to strike the apportionment complaint on the ground that a landlord cannot delegate its duty of care to a third party. Accompanying the motion to strike is a memorandum of law in support of the motion. In response, Mountain filed a memorandum of law in opposition to the motion to strike on April 16, 2001. The court heard oral argument at short calendar on June 18, 2001, and after reviewing all the pleadings submitted by the parties now issues this memorandum of decision.
 II STANDARD OF REVIEW
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, 753 A.2d 927
(2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions
stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 240 Conn. 588.
 III DISCUSSION
The issue before the court is whether liability may be apportioned between an owner of property and a snow removal contractor in a slip and fall case. Several trial courts have addressed this issue and there is a clear split of authority in the Superior Court opinions. On the one hand, some Superior Court authority allows apportionment in negligence actions involving snow removal contractors. See Gulisano v. NationalCT Page 12285Amusements, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 065495 (July 29, 1999, Thompson, J.) (25 Conn. L. Rptr. 203); Uliano v. East Hill Woods, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061900 (November 9, 1998, Grogins, J.) (23 Conn. L. Rptr. 335);Veach v. Waldbaum, Inc., Superior Court, judicial district of Danbury, Docket No. 331159 (September 16, 1998, Radclffe, J.) (23 Conn. L. Rptr. 145); Dowd v. Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (January 16, 1998,Leheny, J.).
On the other hand, several Superior Court decisions reject an apportionment action in situations where a landowner seeks to apportion liability to a snow removal contractor in slip and fall cases. The reasoning set forth in these cases is that a landowner has a nondelegable duty to maintain its premises in a reasonably safe condition and therefore cannot seek to apportion liability to an independent contractor. See Falcon v. Deerfield Woods Condominium Assn., Superior Court, judicial district of New Haven at New Haven, Docket No. 418521 (December 18, 2000, Zoarski, J.); Hoyt v. K-Mart Corp., Superior Court, judicial district of New Britain at New Britain, Docket No. 484215 (June 29, 2000, Kocay, J.); Currier v. Fieldstone Village, Superior Court, judicial district of Tolland at Rockville, Docket No. 069258 (January 19, 2000, Sullivan, J.); Riglione v. Kmart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000, Alander, J.); Benedetto v. Stamford Transit District, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149024 (November 17, 1999, Lewis, J.); Duerr v. Sage Associates, Superior Court, judicial district of New London at New London, Docket No. 539139 (March 15, 1999, Martin, J.); Fullerton v. Wawa, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 406911 (December 15, 1998, Silbert, J.) (23 Conn. L. Rptr. 549); Wood v. Chalet SusseInternational, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995, Silbert, J.) (14 Conn. L. Rptr. 187).
In determining which line of reasoning should be followed with respect to this present action, the question before the court becomes whether a landowner's duty to an invitee is nondelegable so as to prevent the apportionment of liability. "[T]he nondelegable duty doctrine means that the party with such a duty . . . may not absolve itself of liability by contracting out the performance of that duty. Both the Appellate Court and courts of other jurisdictions have held that the nondelegable duty doctrine means that a party may contract out the peifonnance of a nondelegable duty, but may not contract out of his ultimate legal responsibility. . . . Under the general rule, an employer is not liable CT Page 12286 for the negligence of its independent contractors. One exception to this general rule, however, is that the owner or occupier of premises owes invitees a nondelegable duty to exercise ordinary care for the safety of such persons." (Emphasis in original; citations omitted; internal quotation marks omitted.) Gazo v. Stanford, 255 Conn. 245, 255-257,765 A.2d 505 (2001).
"A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe." Morn v.Bell Court Condominium Assn., Inc., 223 Conn. 323, 327, 612 A.2d 1197
(1992). "The possessor of premises who has invited persons to those premises for a business purpose cannot escape liability for a claimed breach of its duty to exercise reasonable care to keep the premises in a safe condition by hiring another to maintain the premises in a safe condition." Tarzia v. Great Atlantic and Pacific Tea Co.,52 Conn. App. 136, 148, 727 A.2d 219 (1999), appeal dismissed,254 Conn. 786, 759 A.2d 502 (2000); see also Koskoff v. Goldman,86 Conn. 415, 420, 85 A. 588 (1912); D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 55, p. 146. "The fact that an independent contractor caused the condition complained of constitute[s] no defense." McGuire v. Hartford Buick Co., 131 Conn. 417,420, 40 A.2d 269 (1944). Furthermore, "premises liability law provides that landowners have a nondelegable duty to keep their premises clear from dangerous conditions that may cause injury to a third party." Bowenv. Stonegate Condominium Assn., Superior Court, judicial district of New Haven at New Haven, Docket No. 416453 (January 5, 2001, Jones, J.).
This court finds persuasive the reasoning of those Superior Court cases which hold that "the negligence of the contractor is the negligence of the property possessors. The negligence of the two are exactly the same in fact and in law. The negligence of the parties is indivisible because it is singular and identical. The law imposes joint and identical responsibility for the same identical act of negligence. The act and hence the responsibility being one and the same, it is identical, indivisible, and hence incapable of being apportioned." Falcon v.Deerfield Woods Condominium Assn., supra, Superior Court, Docket No. 418521. Because the owner's duty to keep the premises reasonably safe is nondelegable, Mountain may not apportion liability to the snow removal contractor.
 IV CONCLUSION
Accordingly, the apportionment defendants' motion to strike the apportionment complaint is hereby granted. It is so ordered. CT Page 12287
BY THE COURT,
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT