## NICHOLAS TARZIA *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY
### (AC 16676)

Hennessy, Sullivan and Dupont, Js.

Argued October 26, 1998—officially released March 9, 1999

*Paul J. Pacifico*, with whom, on the brief, was *Ernest L. Josem*, for the appellant (plaintiff).

*James F. Mullen*, for the appellee (named defendant).

*Michael T. Bologna*, for the appellee (third party defendant).

### Opinion

DUPONT, J. The plaintiff, Nicholas Tarzia, appeals from the trial court's granting of summary judgment in favor of the defendant, Great Atlantic & Pacific Tea Company, doing business as Waldbaum's Foodmart (Waldbaum's). On appeal, the plaintiff claims that the trial court improperly (1) denied his motion to amend his complaint to assert a claim against a third party

defendant and (2) granted Waldbaum's motion for summary judgment. We agree.

The following facts are necessary for a proper resolution of this appeal. The plaintiff commenced this negligence action against Waldbaum's after he slipped and fell on a plastic bag in a parking lot leased by Waldbaum's and used by its business invitees. The one count complaint alleged that Waldbaum's, the owner of the supermarket in the shopping center where the plaintiff fell, was negligent in keeping the parking lot in an unsafe and dangerous condition by allowing the accumulation of plastic bags.

Subsequently, Waldbaum's moved to implead its landlord, Samuel Heyman, as a third party defendant in the action.[1] The trial court granted the motion to implead, and Waldbaum's filed a third party complaint against Heyman. In that complaint, Waldbaum's sought indemnification from Heyman for any judgment rendered against it in favor of the plaintiff on the ground that Heyman did not keep the parking area "reasonably free of . . . debris," as required by his lease with Waldbaum's.[2] An appearance of the third party defendant was filed on February 4, 1994.

On March 23, 1994, the plaintiff filed an "assertion of claim" against the third party defendant, Heyman.

---

[1] Both the third party defendant, Heyman, and the defendant, Waldbaum's, have filed briefs in this appeal.

[2] The lease entered into between Waldbaum's and Heyman provided, in relevant part: "Landlord agrees to keep or cause the parking areas in the Shopping Center and the other common areas (excepting sidewalks adjacent and contiguous to any building in the Shopping Center) to be kept *reasonably free of* snow, ice and *debris* (subject to accumulations of snow in portions of the common areas resulting from plowing); to restripe parking lines as necessary; to repave or patch the parking lot, as necessary; to keep the parking areas in good repair; to maintain any landscaping in the common areas; to [maintain] any traffic signals servicing the Shopping Center, if Landlord is so required by law; and to keep the same lighted during normal evening business hours of the Tenant." (Emphasis added.)

The plaintiff's assertion of claim stated as follows: "Pursuant to Section 52-102a, the Plaintiff incorporates by reference the Defendant's Third Party Complaint and the Plaintiff further asserts a claim against the Third Party Defendant for all injuries and damages sustained by him, as set forth in his complaint. This claim by the Plaintiff against the Third Party Defendant is in addition to the claim against the original Defendants."

Thereafter, on April 27, 1994, the trial court granted Heyman's motion to implead Kerrigan Industries (Kerrigan) as a fourth party defendant in the action. Heyman filed a fourth party complaint against Kerrigan seeking indemnification and claiming that Heyman had discharged his obligations under the lease with Waldbaum's by engaging the services of Kerrigan to sweep the common areas and to remove debris from the premises. On September 20, 1994, the plaintiff filed an assertion of claim against Kerrigan that was almost identical to the one previously filed against Heyman. On October 19, 1994, Kerrigan filed a motion to strike the plaintiff's assertion of claim against it on the ground that the assertion of claim did not properly assert a cause of action against Kerrigan under the rules of practice. The trial court, *Karazin, J.*, granted the motion on August 27, 1996, finding that it was not a proper pleading under General Statutes § 52-102a.

Although the motion to strike the plaintiff's pleading called "assertion of claim" was granted as to Kerrigan, the plaintiff did not seek to amend his complaint to add a count against Kerrigan as a defendant. Thus, the plaintiff's appeal does not involve any cause of action he might have had against Kerrigan.

On September 10, 1996, after trial had commenced, the plaintiff sought to amend his complaint to include a claim against the third party defendant, Heyman. That request was denied.

On May 13, 1996, the third party defendant Heyman filed a motion for summary judgment against the defendant Waldbaum's, claiming that his lease with Waldbaum's made a summary judgment appropriate against the plaintiff in favor of Waldbaum's. Heyman stated, in his memorandum in support of his motion, that Waldbaum's did not control or possess the premises on which the plaintiff fell. According to Heyman, because the plaintiff could not prevail against Waldbaum's if Waldbaum's obtained a summary judgment against the plaintiff, Heyman would never need to indemnify Waldbaum's and, therefore, Heyman was entitled to summary judgment against Waldbaum's. On May 29, 1996, the objection to Heyman's motion filed by Waldbaum's was sustained by the trial court, *Karazin, J.*, because the action for indemnification against Heyman could not accrue until a final judgment had entered against Waldbaum's.

On May 30, 1996, Waldbaum's filed a motion for summary judgment against the plaintiff arguing that, pursuant to the lease, Heyman retained control over the parking area where the plaintiff fell and had a duty to keep it reasonably free of debris and, therefore, Waldbaum's was not liable for the plaintiff's injuries as a matter of law. The trial court, *Karazin, J.*, denied the motion on August 27, 1996. Subsequently, on September 6, 1996, after the trial had commenced, Waldbaum's filed a motion for permission to reargue the denial of its motion for summary judgment.

On September 10, 1996, the trial court, *Ryan, J.*, held a hearing, at which it vacated the other court's previous order denying the motion for summary judgment filed by Waldbaum's and granted the motion.[3] Waldbaum's

[3] Practice Book § 17-44, formerly § 379, provides that a party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial. Here, implicit in the trial court's ruling, which occurred after the trial had commenced, was its permission to consider the motion for summary judgment.

then withdrew its third party complaint against Heyman, and Heyman withdrew his complaint against Kerrigan. This appeal followed.[4]

I

The plaintiff first claims that the trial court improperly denied his motion to amend his complaint to add a claim against Heyman.[5] Specifically, the plaintiff claims that this court must look to federal law to determine

---

[4] On September 27, 1996, the plaintiff filed a motion to reargue the trial court's decisions concerning the motion for summary judgment filed by Waldbaum's and the plaintiff's motion to amend. On September 30, 1996, the plaintiff filed a corrected motion to reargue. The trial court granted the corrected motion to reargue on October 30, 1996, but denied the relief requested therein. Pursuant to Practice Book § 4009, now § 63-1, the plaintiff had until November 19, 1996, in which to file his appeal. On November 19, 1996, however, the plaintiff filed a motion for an extension of time to file an appeal and it is unclear whether the trial court took any action on the motion. The plaintiff did not file his appeal until December 6, 1996. The defendant has not complained that the plaintiff's appeal was untimely and we may, in our discretion, retain jurisdiction because there has been no timely objection to an untimely appeal.

[5] Heyman, in the brief filed in this appeal, argues that this claim should not be considered on appeal because the plaintiff's appeal form indicated an appeal from summary judgment against the plaintiff in favor of Waldbaum's as the only appealable issue. Although the denial of a motion to amend is not a final appealable judgment, it can be raised in an appeal from a subsequent final judgment on the underlying complaint. See *Blue Cross/ Blue Shield of Connecticut, Inc.* v. *Gurski*, 49 Conn. App. 731, 733–34, 715 A.2d 819, cert. denied, 247 Conn. 920, 722 A.2d 809 (1998).

Although Heyman is no longer a third party defendant because Waldbaum's withdrew its complaint against him, the viability of any claim by the plaintiff against Heyman is unaffected by that withdrawal. Section 52-102a (c) allows the plaintiff to assert "any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint, and the third-party defendant, as against such claim, shall have available to him all remedies available to an original defendant, including the right to assert set-offs or counterclaims against the plaintiff." This language makes it clear that a cause of action of the plaintiff against Heyman does not depend on any obligation of the third party to indemnify the defendant, but depends instead on the remedies that the plaintiff could have asserted against the third party defendant had the third party defendant been an original defendant. The statute treats the third party defendant as an original defendant vis-a-vis the plaintiff.

the effect of the assertion of claim filed by the plaintiff.[6]
According to the plaintiff, because federal rules do not
require any particular form of pleading, and because
our rules of practice are to be liberally construed, the
assertion of claim filed by the plaintiff constitutes a
pleading sufficient to put the third party defendant,
Heyman, on notice that the plaintiff was asserting a
claim against him.

"While our courts have been liberal in permitting
amendments; *Johnson* v. *Toscano*, 144 Conn. 582, 587,
136 A.2d 341 (1957); this liberality has limitations.
Amendments should be made seasonably. Factors to
be considered in passing on a motion to amend are the
length of the delay, fairness to the opposing parties
and the negligence, if any, of the party offering the
amendment. *Cummings* v. *General Motors Corpora-*
*tion*, 146 Conn. 443, 449–50, 151 A.2d 884 (1959). The
motion to amend is addressed to the trial court's discre-
tion which may be exercised to restrain the amendment
of pleadings so far as necessary to prevent unreasonable
delay of the trial. . . . *Beckman* v. *Jalich Homes, Inc.*,
190 Conn. 299, 302–303, 460 A.2d 488 (1983). Whether
to allow an amendment is a matter left to the sound
discretion of the trial court. This court will not disturb
a trial court's ruling on a proposed amendment unless
there has been a clear abuse of that discretion. . . . It
is the [plaintiff's] burden . . . to demonstrate that the
trial court clearly abused its discretion." (Citations
omitted; internal quotation marks omitted.) *AirKaman,*
*Inc.* v. *Groppo*, 221 Conn. 751, 766–67, 607 A.2d 410
(1992).

In January, 1994, Heyman was impleaded as a third
party defendant by Waldbaum's. Heyman has remained

---

[6] The plaintiff's assertion of claim incorporated the defendant's third party
complaint against Heyman, *and* asserted a claim against Heyman for the
plaintiff's injuries and damages as set forth in the plaintiff's complaint. The
assertion also asserted that the plaintiff's claim was *in addition to* the claim
against Waldbaum's.

a party in the case since then and participated in the selection of a jury. There is no transcript of the voir dire of the jury and, therefore, we do not know if Heyman indicated in his voir dire questions that he was defending a claim against him brought by Waldbaum's for indemnification or if he was also defending against an independent claim of the plaintiff's. We know only that he participated in the voir dire and that Waldbaum's had not yet filed Heyman's affidavit on which its motion for summary judgment against the plaintiff was based. The plaintiff moved to amend his complaint to assert a separate claim against Heyman after the pleadings had been closed and jury selection had either started or had been completed.

General Statutes § 52-102a (c), which governs the assertion of a claim against a third party defendant by a plaintiff, provides: "The plaintiff, *within twenty days* after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint, and the third-party defendant, as against such claim, shall have available to him all remedies available to an original defendant, including the right to assert set-offs or counterclaims against the plaintiff." (Emphasis added.)

The plaintiff did not file his assertion of claim until March 23, 1994, more than twenty days after the third party defendant appeared in the action. There are no cases of which we are aware that decide whether the twenty day time limit should be strictly enforced. We conclude that, on the facts of this case, it should not be. The plaintiff could have brought an action against Heyman when he first initiated the action against Waldbaum's. See *Bradford* v. *Herzig*, 33 Conn. App. 714, 724, 638 A.2d 608, cert. denied, 229 Conn. 920, 642 A.2d 1212 (1994). Heyman was aware that the plaintiff was attempting to assert a claim against him because the

plaintiff's "assertion" stated that his claim was for injuries and damages as set forth in the plaintiff's complaint, and that the plaintiff's claim was "in addition" to his claim against Waldbaum's.

The plaintiff did not need to add Heyman to the suit by way of writ, summons and complaint as was necessary when Waldbaum's added Heyman as a third party defendant as provided by § 52-102a (a). Heyman was already a party in the case when the plaintiff asserted his claim and when the plaintiff attempted to amend his complaint. As such, Heyman had the right to address claims against him by Waldbaum's and by the plaintiff, and could also address the claim of the plaintiff against the original defendant. See *Malerba* v. *Cessna Aircraft Co.*, 210 Conn. 189, 192–93, 554 A.2d 287 (1989). Because the original defendant's fate, vis-a-vis the plaintiff, directly affected Heyman, the status of the three parties was intertwined. See *Protter* v. *Brown Thompson & Co.*, 25 Conn. App. 360, 363, 593 A.2d 524, cert. granted, 220 Conn. 910, 597 A.2d 335 (1991) (appeal withdrawn). Heyman, at the time the plaintiff asserted his claim against him, was not only a third party defendant but was, as to the plaintiff, the same as an original defendant.

On the facts of this case, the trial court abused its discretion in not allowing the plaintiff to amend his complaint because the length of the delay in seeking to amend did not prejudice the third party defendant, Heyman, and it would not have delayed the trial, which had already begun, and would not surprise Heyman in view of the plaintiff's attempt to comply with § 52-102a (c).

## II

The plaintiff next claims that the trial court improperly granted summary judgment in favor of Waldbaum's. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are

well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . *Doty* v. *Mucci*, 238 Conn. 800, 805–806, 679 A.2d 945 (1996)." (Citations omitted; internal quotation marks omitted.) *Hertz Corp.* v. *Federal Ins. Co.*, 245 Conn. 374, 380–81, 713 A.2d 820 (1998).

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 292, 596 A.2d 414 (1991). . . . *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 37, 694 A.2d 1246 (1997)." (Internal quotation marks omitted.) *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut*, 50 Conn. App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998). "On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous."

*2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.*, 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).

The following additional facts are necessary for a proper resolution of this claim. Waldbaum's moved for summary judgment, arguing that based on the unambiguous terms of the lease and the admissions of Heyman that he was in control of the parking lot where the plaintiff fell, issues of fact did not exist as to whether Waldbaum's was in control of the parking lot and, therefore, Waldbaum's was entitled to judgment as a matter of law. In support of its motion, Waldbaum's submitted a copy of the lease and an affidavit of Jack McNamera, the director of property management for Heyman Properties. The affidavit stated that under the terms of the lease, Heyman, not Waldbaum's, was responsible for maintaining the parking areas and that the lease gave Heyman Properties complete possession and control of the parking area. The motion for summary judgment filed by Waldbaum's was denied by the trial court, *Karazin, J.*, on August 27, 1996.

At the September 10, 1996 hearing, however, the trial court, *Ryan, J.*, heard argument on the motion for summary judgment filed by Waldbaum's.[7] Counsel for the

[7] On September 6, 1996, Waldbaum's filed a motion to reargue the denial of its motion for summary judgment. The record does not indicate whether the motion for reargument was granted. Waldbaum's, however, filed a supplemental brief in support of its motion for summary judgment on September 10, 1996, and it is clear from the transcript of the September 10, 1996 hearing, that the trial court did not raise the summary judgment issue sua sponte, but that at the request of the counsel for Waldbaum's, the trial court reconsidered the previous order of the court denying the motion for summary judgment filed by Waldbaum's. A trial court judge may, "in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law." (Internal quotation marks omitted.) *Breen* v. *Phelps*, 186 Conn. 86, 98–99, 439 A.2d 1066 (1982). "A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the

third party defendant, Heyman, stated that Heyman was in exclusive possession and control of the parking area. The trial court asked the plaintiff's counsel whether he planned to present any evidence, either then or at trial, to contest the evidence offered by Waldbaum's in support of its motion for summary judgment. The plaintiff's counsel stated that he had no other evidence in the case except the testimony of a witness attesting to the fact that there was debris in the parking lot. The plaintiff's counsel also stated that he intended to elicit testimony from a manager of Waldbaum's to establish that Waldbaum's knew or should have known of the existence of the debris, regardless of any contractual duty of Heyman to clear the debris.

Judge Ryan stated: "Unless anybody wishes to speak, I believe it's necessary for me, even though there's a rule of this particular case, and the motion for summary judgment was denied in the past, in view of what's transpired on the record in this particular case, and, of course, Judge Karazin's ruling as a concept of the pleading, it's incumbent on me to actually reverse the prior ruling on the motion for summary judgment and grant the same."

The question to be resolved here—whether a tenant who has actual or constructive knowledge of a dangerous condition in a leased area, which the landlord has contractually agreed to maintain, may be liable to the tenant's business invitees who use the leased area—is a matter of law. The trial court believed the answer to be no, based on the contractual commitment of Heyman to Waldbaum's to keep the premises reasonably free of debris and, accordingly, granted summary judgment in favor of Waldbaum's. The issue is not one of construction of the lease between Heyman and Waldbaum's,

law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." (Citation omitted.) Id., 99–100.

which would have been the issue to be resolved if we were deciding whether the defendant Waldbaum's should prevail on its complaint against the third party defendant, Heyman, in the event the plaintiff obtained a judgment against Waldbaum's. Ordinarily, a cause of action for indemnification must await a final judgment against the defendant. See *W. S. Rockwell Co.* v. *Lindquist Hardware Co.*, 143 Conn. 684, 687, 125 A.2d 173 (1956).

The plaintiff has alleged that the defendant Waldbaum's was negligent. To prevail, he must establish that the defendant owed a duty to him and that that duty was breached. The existence of a duty is a legal conclusion. See *Ciarlelli* v. *Romeo*, 46 Conn. App. 277, 282, 699 A.2d 217, cert. denied, 243 Conn. 929, 701 A.2d 657 (1997). The defendant Waldbaum's leased premises owned by the third party defendant, Heyman. The lease included the parking lot used by its business invitees. Waldbaum's had a duty to exercise reasonable care to protect its invitees from dangers that might reasonably be anticipated to arise from the condition of the parking lot. *Merhi* v. *Becker*, 164 Conn. 516, 520, 325 A.2d 270 (1973).

In essence, the defendant argues that it owes no duty of care to the plaintiff because the defendant delegated that duty and control of the leased parking lot to the third party defendant. The plaintiff was present in the parking lot as a business invitee of the defendant, having alleged that immediately preceding his fall, he had bought groceries in the defendant's store. See *Frankovitch* v. *Burton*, 185 Conn. 14, 20, 440 A.2d 254 (1981). The possessor of premises who has invited persons to those premises for a business purpose cannot escape liability for a claimed breach of its duty to exercise reasonable care to keep the premises in a safe condition by hiring another to maintain the premises in a safe condition. See *Newell* v. *K. & D. Jewelry Co.*, 119 Conn.

332, 334, 176 A. 405 (1935). Whether a duty was also owed to the plaintiff by the defendant's landlord, Heyman, is not the issue of this appeal. See *DeLorenzo* v. *Great Atlantic & Pacific Tea Co.*, 4 Conn. App. 560, 495 A.2d 1106 (1985).

Waldbaum's could not absolve itself of its duty to its customers, who shop in its store and use the parking lot to gain entrance and exit from its store, to keep all of the premises it uses for its business purposes in a safe condition by contracting with another. As a matter of law, Waldbaum's owed a duty to the plaintiff to use reasonable care to keep the leased premises in a reasonably safe condition. Whether that duty was breached and whether there is a causal connection between the breach and the plaintiff's alleged injuries are questions of fact that a trial would resolve. Waldbaum's was not entitled to summary judgment.

The judgment for Waldbaum's is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.