[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The underlying action involves a slip and fall on snow and/or ice as the plaintiff was leaving the medical offices of the defendants ("Malitz"). Malitz has filed a two-count apportionment CT Page 14374 complaint against a contractor allegedly responsible for plowing the snow and ice from the parking lot in question ("B J Snowplowing") and a neighboring business, Milford Ob-Gyn Associates ("MOGA"), that allegedly negligently hired B J Snowplowing.
MOGA has now filed a motion to strike the second count of the apportionment complaint on the ground that the count is legally insufficient as MOGA owes no duty to Malitz to keep the claimed defective premises safe. MOGA argues that Malitz cannot delegate its duty to keep the premises safe. Malitz has filed an objection to the motion to strike and argues that the second count states a cause of action against MOGA. In support of his objection, Malitz maintains that he had an agreement with MOGA in which both parties agreed to share the expenses for a contractor to remove snow and ice from the parking lots of the two businesses.
This court has previously held that a defendant owner or premises operator may seek apportionment from independent contractors hired by the owner/operator to keep the premises free from snow and/or ice. See Uliano v. East Hill Woods, Inc.,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 061900 (November 9, 1998, Grogins, J.). The court's reasoning in reaching this conclusion was that the appellate courts had failed to state the contrary and, instead, indicated that a general rule of law existed that where the owner of premises employs an independent contractor to perform work, the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work. Id. It would follow therefore, that the negligent hiring of such a contractor would create a cause of action, for purposes of apportionment, as to a party injured by the negligent conduct of the contractor.
Since this court last visited the issues presented in this case, however, the appellate court has authored a decision which clarifies the duty owed by the possessor of premises to a business invitee. In Tarzia v. Great Atlantic Pacific Tea Co.,52 Conn. App. 136, ___ A.2d ___, defendant's motion for cert. denied, 248 Conn. 920, ___ A.2d ___ (1999), the appellate court found that the trial court improperly granted summary judgment to the defendant where the evidence showed that the defendant's contract with the owner of the premises placed control of the parking lot in the hands of the owner who was responsible for any and all maintenance. Accordingly, the Tarzia court held that the "possessor of premises who has invited persons to those premises CT Page 14375 for a business purpose cannot escape liability for a claimed breach of its duty to exercise reasonable care to keep the premises in a safe condition by hiring another to maintain the premises in a safe condition." Tarzia v. Great Atlantic PacificTea Co., supra, 52 Conn. App. 148.
Malitz argues that the Tarzia case is inapplicable to the present situation because the injury sustained by the plaintiff occurred in a parking lot co-owned and controlled by MOGA. Since the apportionment complaint makes no allegation of co-ownership or control by MOGA, the court, which is limited on a motion to strike to the actual facts alleged in the apportionment complaint, cannot take Malitz's argument under consideration.
In light of the Tarzia decision, MOGA's motion to strike the second count of the apportionment complaint is granted.
GROGINS, J.