[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE BY THIRD PARTY DEFENDANT
In this case, a motion to strike has been filed against the second count of the plaintiff's amended complaint by the third party defendant, Gorman Brothers.
What happened here, is that the plaintiff had originally filed a law suit against the defendant Town of Salem. The plaintiff, bicyclist, was injured when his bicycle went out of control on gravel on a town road. The plaintiff's complaint was brought pursuant to § 13a-149 of the General Statutes.
The town then filed a third party complaint asserting an indemnification claim against Gorman Brothers which became a third party defendant — the town's complaint alleged an active/passive theory of negligence against Gorman Brothers.
After that the plaintiff filed a motion for permission to amend his complaint and a copy thereof which included the second count against Gorman Brothers which is now the subject of the motion to strike. The motion to amend was presumably filed pursuant to Practice Book §10-11(b) which permits a plaintiff to amend his or her complaint within twenty days after a third party defendant appears in an action and in the amendment assert any claim against the third party defendant — here Gorman Brothers. The motion to amend was filed September 21, 1999. CT Page 6736
On October 11th, Gorman Brothers filed a motion to strike in which it claimed the town could not file an indemnification claim against it — the sole proximate cause requirements of § 13a-149 preclude such a claim by the town against a third party like Gorman Brothers at least on an active/passive theory of liability.
The motion to strike the town's claim against Gorman Brothers was granted and now Gorman Brothers moves to strike the plaintiff's claim against it arguing as it does on page 5 of its brief: "Given that Gorman Brothers should have never been brought in for indemnification purposes, and given that this was the only basis upon which the plaintiff was permitted to amend his complaint to bring an action against Gorman Brothers, Gorman Brothers submits that . . . the plaintiff's claim against Gorman Brothers should fail as a matter of law."
An important factor to the court is the fact that if the present motion to strike were to be granted the plaintiff could not bring an action against Gorman because the statute of limitations has run.
The standards to be applied on a motion to strike are well-known; the pleadings of the non-moving party are to be interpreted in the most favorable light, Amodio v. Cunningham, 182 Conn. 80, 82 (1980).
The court will not grant this motion to strike since it will lead to an unfair result in this case and seriously restrict the liberal pleading practice sought to be introduced into our courts by Practice Book §10-11(b).
There is no question that the court had subject matter jurisdiction over the claim made against Gorman Brothers by the town though the claim was later stricken and it had personal jurisdiction over Gorman Brothers for the purposes of litigating that claim. There is no suggestion that the plaintiff had anything to do with the initiation and filing a claim against Gorman Brothers. When the plaintiff filed its motion to amend its complaint to add a count against Gorman Brothers it was simply following the rules (Practice Book § 10-11(b)) which allowed him to assert any claim against a third party defendant brought into the case already by the party (the town) it initially sued. It would defeat the whole purpose of § 10-11 (b) if before a party such as the plaintiff used the efficient procedure set forth in the rule it had to make an independent determination, at its own peril, about the legal sufficiency of a third party claim brought by the original defendant whom it had sued against the third party defendant whom the plaintiff then wanted to make its own claim against. This would only encourage unfair results and delays in pleading practice since third party defendants would be tempted to wait before filing a motion to strike the third party complaint until the CT Page 6737 limitations statute protected it against independent suit by the plaintiff who had included it in the underlying action pursuant to Practice Book § 10-11(b).
Furthermore, such a result would be unfair from another perspective. The purpose of the service of a writ summons and complaint is to give a person or business due process notice of a claim being made. There was no need to give such traditional "common law" notice to the Gorman Brothersat the time the motion to amend was filed since Gorman Brothers was a party and thereby, under our rules, received notice as a party under our rules of the claim being made against it. There is certainly no general due process notice problem with the notice Gorman brothers received concerning the plaintiff's complaint against it when it received that notice required by the practice Book. Section 10-11 (b) certainly passes muster on the due process score by further language to the effect that where a third party defendant has a claim brought against it by the original plaintiff "as against such claim (it) shall have available to him or her all remedies available to an original defendant, including a right to assert set offs or counterclaims against the plaintiff."
Since all the prerequisites of due process notice necessary to bring a suit are satisfied by § 10-11 (b) practice book procedure, it would be a formalistic ritual to strike the count against the third party defendant, Gorman Brothers, merely because the claim against Gorman Brothers brought by the original defendant was found not to be viable.
The plaintiff could have brought a separate suit by way of writ and complaint against Gorman Brothers before the statute of limitations had run but the Practice Book by § 10-11 (b) offered a simpler procedure for the plaintiff to assert that claim. As long as due process notice has been complied with regarding assertion of the claim, the Practice Book should not now be used to destroy the plaintiff's claim because the plaintiff asserted that claim in a manner encouraged and suggested by the Practice Book.
Language in Tarzia v. Great Atlantic and Pacific Tea Co., et al,52 Conn. App. 136 (1999) has been referred to by the plaintiff which is relevant to the discussion although Tarzia is not exactly on point since there the original claim by the defendant was not stricken and thus held to have no merit by the court but was merely withdrawn. The court did say, however:
 "Although Heyman is no longer a third party defendant because [the third party plaintiff] withdrew its complaint against him, the viability of any claim by the plaintiff against Heyman is unaffected by that CT Page 6738 withdrawal. Section 52-102a (c) allows the plaintiff to assert "any claim against the third party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint, and the third party defendant, as against such claim, shall have available to him all remedies available to an original defendant, including the right to assert set-offs or counterclaims against the plaintiff." This language makes it clear that a cause of action of the plaintiff against Heyman does not depend on any obligation of the third party to indemnify the defendant but depends instead on the remedies that the plaintiff could have asserted against the third party defendant had the third party defendant been an original defendant. The statute treats the third party defendant as an original defendant vis-a-vis the plaintiff." Id., p. 141 n. 4.
Federal practice offers a situation analagous to the one now before the court. Under 28 U.S.C. § 1367, district courts that have original jurisdiction in a civil action are given supplemental jurisdiction over all other claims which are so related to claims in the action over which the district court has original jurisdiction that they form part of the same case or controversy under Article III of the federal constitution. In 32A Am.Jur.2d Federal Courts, however it is noted that:
 "A District Court may decline to exercise jurisdiction over supplemental state law claims if the court has dismissed all claims over which it has original jurisdiction. Although the District Court may retain jurisdiction over the remaining state law claims, especially where judicial resources have been expended, in the usual case in which all federal law claims are eliminated before trial, the factors of judicial economy, convenience, fairness and comity will point to declining supplemental jurisdiction.
 There are, however, unusual cases in which the balance of factors to be considered under the supplemental jurisdiction doctrine will point to federal decision of the state law claims on the merits, such as when — the statute of limitations has run on the supplemental claim, precluding the filing of the separate suit in the state court. . . ." Pp. 142-143 cf. Burns — Toole v. Byrne, 11 F.3d 1270, 1276 (CA 5, 1994); CT Page 6739 Wright v. Assoc. Ins. Co., 29 F.3d 1244, 1251 (CA 7, 1994).
The operation of the federal rule is based on fairness. Similar considerations should apply to the resolution of the issue now before the court. A claim was asserted against Gorman Brothers by the defendant in this case. While that claim was pending, the plaintiff relied on our procedure to assert its own claim against Gorman Brothers. The latter claim should not now be dismissed merely because the defendant's claim against Gorman Brothers was dismissed. The statute of limitations has run, dismissal of this claim would be unfair and nothing in the case law requires a contrary result.[1]
The motion to strike is denied.
Corradino, J.