[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT JANAZZO HEATING AIR CONDITIONING, INC.'S MOTION TO DISMISS
This litigation concerns the construction of Evergreen Woods Continuing Care Retirement Community in North Branford, Connecticut. The defendant Weitz Company, Inc. (Weitz) contracted with the plaintiff Shoreline Care Limited Partnership (Shoreline) to provide general contractor services with respect to Phases I and II of the project. Weitz was to construct and install the heating, ventilation and air conditioning (HVAC)work on these two phases of the project. The defendant Jansen Rogan Consulting Engineers, P.C. (Jansen Rogan) was retained to provide mechanical and electrical consulting services on Phases I and II of the project. Technical Planning Association, Inc. (TPA) was the architect for the project, TPA is not a party to this litigation. Weitz hired as a subcontractor, Janazzo Heating Air Conditioning (Janazzo) to install the HVAC system. Weitz impleaded Janazzo as a third party defendant on or about May 15, 1997. Counsel for Janazzo appeared on July 15, 1997. The plaintiff Shoreline asserted its claim against Janazzo by filing a motion seeking permission to file a fourth amended complaint to join Janazzo directly as the defendant on October 7, 1997. Janazzo objected to this motion on or about October 16, 1997, asserting the 20-day provision in Conn. Gen. Stat. § 52-102a(c). On March 23, 1998, the court, McMahon, J., denied Janazzo's objection to the motion to amend asserting the Shoreline claims against Janazzo.
The doctrine of law of the case does not prevent a judge from reviewing the decision of another judge in the same case, see Breen v. Phelps,186 Conn. 86, 99-100 (1982).
Conn. Gen. Stat. § 52-102a(c) provides, in pertinent part: "The plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence as the subject matter of the original complaint, . . ."
The Appellate Court in Tarzia v. Great Atlantic Pac. Tea Co.,52 Conn. App. 136 (1999) at page 143 stated with respect to § CT Page 852852-102a(c) "There are no cases of which we are aware that decide whether the twenty day time limit should be strictly enforced. We conclude that, on the facts of this case, it should not be.
The holding of Tarzia is thus that the twenty day time limitation is not a mandatory preclusion. The facts of this case are even more compelling than the Tarzia case in terms of lack of prejudice to the third-party defendant.
In Tarzia the plaintiff did not seek to assert a claim against the third-party defendant until after the trial had commenced. The denial of the motion to amend long after the expiration of the twenty days was error by the trial court.
The motion to dismiss is DENIED.
McWEENY, J.