NICHOLAS TARZIA *v.* GREAT ATLANTIC
AND PACIFIC TEA COMPANY
(SC 16099)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued September 21—officially released October 17, 2000

*Michael T. Bologna,* for the appellant (third party defendant Samuel Heyman).

*Paul J. Pacifico,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this negligence action brought by the plaintiff, Nicholas Tarzia, against the defendant,

Great Atlantic and Pacific Tea Company, doing business as Waldbaum's Food Market (Waldbaum's), the plaintiff sought to recover damages for personal injuries he had sustained as a result of a slip and fall on some debris in Waldbaum's parking lot. In January, 1994, Waldbaum's impleaded its landlord, Samuel Heyman, as a third party defendant, claiming indemnification on the ground that pursuant to their lease, Heyman had the responsibility of keeping the parking lot reasonably free of debris. In March, 1994, the plaintiff filed an "assertion of claim" against Heyman. Although this pleading was not in the form of a complaint, it stated that it was filed "[p]ursuant to [General Statutes §] 52-102a,"[1] that it incorpo-

[1] General Statutes § 52-102a provides: "(a) A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded.

"(b) The writ, summons and complaint so served shall be equivalent in all respects to an original writ, summons and complaint and the person upon whom it is served, hereinafter called the third-party defendant, shall have available to him all remedies available to an original defendant, including the right to assert set-offs or counterclaims against the third-party plaintiff, and shall be entitled to file cross-complaints against any other third-party defendant. The third-party defendant may also assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim and may assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

"(c) The plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint, and the third-party defendant, as against such claim, shall have available to him all remedies available to an original defendant, including the right to assert set-offs or counterclaims against the plaintiff.

"(d) A third-party defendant may proceed under this section against any person not a party to the action who is or may be liable to him for all or any part of the third-party plaintiff's claim against him.

"(e) When a counterclaim is asserted against a plaintiff, he may cause a third party to be brought in under circumstances which under this section would entitle a defendant to do so.

rated by reference Waldbaum's third party complaint against Heyman, and that the plaintiff was asserting a claim against Heyman for his injuries and damages "in addition to the claim against" Waldbaum's.

In September, 1996, after jury selection had been completed, the plaintiff moved to amend his complaint formally to include a claim against Heyman. The trial court denied that motion. At the same time, the trial court granted Waldbaum's motion for summary judgment. Thereafter, the trial court rendered judgment accordingly in favor of Waldbaum's and Heyman.

The plaintiff appealed from the judgment to the Appellate Court. That court reversed, holding that the trial court had: (1) on the facts of the case, improperly denied the plaintiff's motion to amend his complaint to assert a claim against Heyman; and (2) improperly granted Waldbaum's motion for summary judgment. *Tarzia* v. *Great Atlantic & Pacific Tea Co.*, 52 Conn. App. 136, 144, 149, 727 A.2d 219 (1999). We granted Heyman's petition for certification to appeal limited to the following issues: (1) "Did the Appellate Court properly enforce the twenty day time limit of General Statutes § 52-102a for asserting a claim against an impleaded party?"; and (2) "Did the Appellate Court properly hold that the trial court abused its discretion by refusing to allow an untimely 'assertion of claim' to be 'amended' into a negligence complaint after the jury had been selected?" *Tarzia* v. *Great Atlantic & Pacific Tea Co.*, 248 Conn. 920, 734 A.2d 569 (1999).

After examining the record on appeal and considering the briefs and oral arguments of the parties, we have

---

"(f) When any civil action in which such a third-party brought in is reached for trial, the court hearing the case may order separate trials of different parts of the action and may make such other order respecting the trial of the action as will do justice to the parties and expedite final disposition of the case."

determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.