[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 29, 1999, the plaintiff, Charlotte Taylor, filed a complaint against the defendants Wesson, Inc., Meadow Street Donuts, Inc., and Dunkin Donuts, Inc. The complaint alleges that on May 29, 1997, the plaintiff was buying coffee and donuts at a Dunkin Donuts counter, located in the Mobil gas station on South Main Street in Naugatuck. The complaint alleges that as the plaintiff turned to leave the counter area, she slipped and fell on a wet floor, causing her numerous bodily injuries. The complaint alleges that the plaintiff's fall was due to the negligence and carelessness of the defendants in that they failed to properly maintain the premises.
On October 25, 1999, the defendant, Wesson, Inc., and on November 2, 1999, the defendants, Meadow Street Donuts, Inc. and Dunkin Donuts, Inc., filed respective answers to the complaint, including special defenses alleging that the plaintiff was negligent and was the proximate cause of her injuries because, inter alia, she failed to use reasonable care for her own safety under the circumstances.
On November 1, 2000, the defendants, Meadow Street Donuts, Inc. and Dunkin Donuts, Inc., filed a motion for summary judgment on the grounds that there are no genuine issues of material fact in dispute, and that, as a matter of law, the defendants did not have a duty to the plaintiff. On November 3, 2000, the plaintiff filed a memorandum of law in opposition to the summary judgment motion. On November 13, 2000, the defendant, Wesson, Inc., filed a memorandum of law in opposition to the summary judgment motion.
 DISCUSSION
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, CT Page 1767 385-86, 752 A.2d 503 (2000). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554, 707 A.2d 15 (1998). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
The defendants argue that they did not have control of the premises where the plaintiff was injured and therefore the plaintiff cannot hold the defendants liable in this action. In support of this argument, the defendants submitted an affidavit and a copy of a license agreement, stating that they leased the subject premise from Wesson, Inc. The defendants also submitted deposition testimony stating that Wesson, Inc. was solely responsible for the maintenance of the premises at the time the plaintiff fell.
Both the plaintiff and the co-defendant, Wesson, Inc., argue that there is a genuine issue of material fact as to whether the moving defendants had control over the premises during the plaintiff's fall, and argue that even though they leased the property, the defendants owed a duty of care to the plaintiff as a business invitee.
In order to prevail in a negligence action, a plaintiff "must establish that the defendant owed a duty to her and breached that duty." Ciarlelliv. Romeo, 46 Conn. App. 277, 282, 699 A.2d 217, cert. denied,243 Conn. 929, 701 A.2d 657 (1997).
In Tarzia v. Great Atlantic and Pacific Tea Co., 52 Conn. App. 136,727 A.2d 219 (1999), appealed dismissed, 254 Conn. 786, 759 A.2d 502
(2000), the Connecticut Appellate Court stated that "whether a tenant who has actual or constructive knowledge of a dangerous condition in a leased area, which the landlord has contractually agreed to maintain, may be liable to the tenant's business invitees who use the leased area — is a matter of law." Id., 147. In Tarzia, the defendant, Walbaum's, argued that because it leased the parking lot and the lessor was in charge of maintaining the parking lot, that it did not have a duty to those injured in the parking area, and thus, as a matter of law, Walbaum's could not be held liable. Id., 140. The Appellate Court disagreed and ruled that the "possessor of premises who has invited persons to those premises for a business purpose cannot escape liability for a claimed breach of its duty to exercise reasonable care to keep the premises in a safe condition." Id., 148; see also Morin v. Bell CourtCondominium Assn., Inc., 223 Conn. 323, 327, 612 A.2d 1197 (1992); MerhiCT Page 1768v. Becker, 164 Conn. 516, 520, 325 A.2d 270 (1973). The court held that "Walbaum's had a duty to exercise reasonable care to protect its invitees from dangers that might reasonably be anticipated to arise from the condition of the parking lot." Tarzia v. Great Atlantic and Pacific TeaCo., supra, 148.
The facts of Tarzia are almost identical to the present case. Because the plaintiff in this action came into the Mobil station to purchase donuts and coffee as a business invitee of the defendants, Meadow Street Donuts, Inc. and Dunkin Donuts, Inc, the defendants had a duty to exercise reasonable care to protect the plaintiff from dangers that might reasonably be anticipated. Furthermore, whether that duty was breached and whether there is a casual connection between the breach and the plaintiff's alleged injuries are questions of fact. Raboin v. NorthAmerican Industries, Inc., 57 Conn. App. 535, 541, 749 A.2d 89, cert. denied, 254 Conn. 910, 759 A.2d 505 (2000). For all these reasons, the motion for summary judgment is denied.
CHASE T. ROGERS, J.