[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#134)
The third party defendant, Westcott Mapes, Inc. (Westcott), moves to strike counts one and two of the revised complaint (the complaint), pursuant to Practice Book § 10-39 et seq.
By way of background, the plaintiff's, David Mattei (David) and Lisa Mattei (Lisa) (collectively the plaintiff's), initially brought suit against the City of New Haven (the City), City employees Pat Rubano and Lawrence Amendola, and Atlas Fence, Inc., seeking damages for injuries David sustained when his leg slid under an outfield fence at the East Shore Athletic Complex located in New Haven. On December 18, 2000, the City filed a third party complaint against Westcott, successor in interest to the original third party defendant, FGA Services, Inc., seeking common law and contractual indemnification.[1] The City alleges that Westcott contracted with the City to design and provide full time construction inspection services for the construction of the subject field. Westcott filed an appearance on January 8, 2001. On February 13, 2001, the plaintiff's filed a two count complaint against Westcott, alleging negligent design and construction of the subject field and outfield fence and breach of contract.[2]
A motion to strike challenges the legal sufficiency of the complaint.Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "[A] claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." (Internal quotation marks omitted.) Girard v. Weiss, 43 Conn. App. 397, 415,682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996). There are, however, two exceptions to this rule. "The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the [s]tatute of [l]imitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the CT Page 13414 liability itself as created, and not of the remedy alone." (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro,31 Conn. App. 235, 239-40, 624 A.2d 389 (1993). A claim brought pursuant to General Statutes § 52-102a (c) comes within the second exception.
Westcott moves to strike counts one and two of the complaint on the ground that the plaintiff's failed to file their complaint within twenty days after Westcott filed its appearance. Westcott argues that the City's third party complaint alleges indemnification, not apportionment, therefore, the plaintiff's are bound by the twenty day time period prescribed in General Statutes § 52-102a (c), and not the sixty day time period in § 52-102b (d).
The plaintiff's object to Westcott's motion to strike, arguing that their complaint should not be stricken for the sole reason that it was filed after the twenty day time period set forth in General Statutes § 52-102a (c). Relying on Tarzia v. Great Atlantic Pacific TeaCo.,52 Conn. App. 136, 143-44, 727 A.2d 219 (1999), appeal dismissed,254 Conn. 786, 759 A.2d 502 (2000), the plaintiff's assert that because Westcott was already a party to the action, it was not prejudiced by the plaintiffs' delay, therefore, "the late filed complaint should be adjudicated on its merits." (Plaintiffs' Memorandum, p. 1-2.).
General Statutes § 52-102a (c) provides: "The plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint, and the third-party defendant, as against such claim, shall have available to him all remedies available to an original defendant, including the right to assert set-offs or counterclaims against the plaintiff."
In Tarzia v. Great Atlantic Pacific Tea Co., supra, 52 Conn. App., 143-44, the court reviewed whether the trial court abused its discretion in not permitting the plaintiff to amend the complaint to assert a claim against the third party defendant "more than twenty days after the third party defendant appeared in the action." The third party defendant filed an appearance on February 4, 1994, and the plaintiff filed an "assertion of claim" against the third party defendant on March 23, 1994. Id., 138. In holding that the trial court had abused its discretion, the court stated: "There are no cases of which we are aware that decide whether the twenty day time limit should be strictly enforced. We conclude that, on the facts of this case, it should not be. The plaintiff could have brought an action against [the third party defendant] when he first initiated the action against [the defendant]. . . . [T]he length of the CT Page 13415 delay in seeking to amend did not prejudice the third party defendant. . . . and it would not have delayed the trial, which had already begun, and would not surprise [the third party defendant] in view of the plaintiff's attempt to comply with § 52-102a
(c)." Id. 143-44.
The court is unable to meaningfully distinguish Tarzia from the facts of the present case. In Tarzia, the court did not strictly enforce the twenty day time limit of General Statutes § 52-102a (c) because the third party defendant was not prejudiced by the delay. Id., 144. From this holding the court concludes that § 52-102a(c) is directory not mandatory.
In the present case, the plaintiffs' delay in filing the complaint is of a shorter duration than the delay in Tarzia. Additionally, in Tarzia,
the court found that the third party defendant was not prejudiced even though the trial had already begun. Id. In the present case, the trial has not commenced. Furthermore, Westcott was already a party to the action.
Based on the holding in Tarzia, and the facts of this case, this court finds that Westcott is not prejudiced by the plaintiffs' late filing, therefore, the twenty day time limit of § 52-102a (c) will not be strictly enforced.
Accordingly, Westcott's motion to strike counts one and two is denied.
By the Court,
Kevin E. Booth Judge of the Superior Court