[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#116) INTRODUCTION
CT Page 13143
The first count of the original complaint in this case alleges that the defendant Kmart Corporation dba Kmart ("Kmart") caused personal injuries to the plaintiff. The second count of that complaint alleges that the defendant Troy C.M.B.S. Property, L.L.C. ("Troy") caused those same personal injuries to the plaintiff. Kmart and Troy filed an apportionment complaint against Luke Shopping Cart Services, Inc. (the "apportionment defendant") which asserts what is, in substance, a product liability claim. Thereafter the apportionment defendant appeared, and the plaintiff filed an amended complaint containing a third count (the "third count") which alleges, in substance, a product liability claim against the apportionment defendant. Subsequently, Kmart and Troy withdrew the apportionment complaint.
The apportionment defendant has moved to dismiss the third count on the following grounds:
 It asserts a product liability claim, and product liability claims cannot be made in an apportionment complaint; and
 The withdrawal of the apportionment complaint deprived the court of jurisdiction to hear the plaintiffs claim against the apportionment defendant.
 DISCUSSION
Product Liability in an Apportionment Complaint
As the court made clear in Allard v. Liberty Oil Equipment Co.,253 Conn. 787 (2000), a product liability claim cannot be asserted in an apportionment complaint. However, the third count is not set forth in an apportionment complaint. Rather, the third count is contained in the plaintiffs amended complaint, and that count was filed pursuant to §52-102b(d) of the General Statutes (all further section references are to the General Statutes), which provides:
 (d) Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint.
CT Page 13144 Because the third count is not contained in an apportionment complaint, the jurisdiction of the court to hear the third count is not defeated by Allard. The inquiry now becomes whether the court's jurisdiction over the third count is impaired by any other provision of § 52-102b(d).
In authorizing a plaintiff to "assert any claim against (an) apportionment defendant," § 52-102b(d) does not limit the court's jurisdiction to matters which, but for § 52-102b(d), it could not hear. Rather, only if there exists, independent of § 52-102b(d), jurisdiction in the court to hear a particular type of claim can the court entertain that claim when it is asserted by a plaintiff against an apportionment defendant. Accordingly, § 52-102b(d) is not jurisdictional, and nothing in it can be the ground for a successful jurisdictional attack. Because the plaintiff could bring a product liability claim against the apportionment defendant independent of the instant case, § 52-102b(d) does not deprive the court of jurisdiction to hear the product liability claim asserted in the third count.
Effect of Withdrawal of Apportionment Complaint
No appellate case has come to the attention of the court which decides whether the withdrawal of an apportionment complaint deprives the court of jurisdiction to hear an already pending claim by a plaintiff against an apportionment defendant which has been brought pursuant to §52-102b(d). However, an analogous issue was decided by the court inTarzia v. Great Atlantic and Pacific Tea Co., 52 Conn. App. 136 (1999).
In Tarzia, the plaintiff impleaded a third-party defendant pursuant to § 52-102a(a). The third-party defendant appeared, and the third-party plaintiff thereafter withdrew its third-party complaint. Subsequent to that withdrawal, the plaintiff sought permission to amend his complaint to allege a cause of action against the third-party defendant pursuant to § 552-102a(c), which provides, in relevant part:
 The plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party-defendant arising out of the transaction or occurrence that is the subject matter of the original complaint . . .
Permission to amend was denied by the trial court and, in footnote 5, the Tarzia court said: "Although (the third-party defendant) is no longer a third party defendant because (the defendant) withdrew its (third-party) complaint against him, the viability of any claim by the plaintiff against (the third-party defendant) is unaffected by that CT Page 13145 withdrawal." Id., 141.
The analogy between § 52-102b(d) and § 52-102a(c) is strong, and the court concludes that the withdrawal of the apportionment complaint does not deprive the court of jurisdiction to hear the plaintiffs claim against the apportionment defendant.
 CONCLUSION
The motion to dismiss is denied.
By the G. Levine, J.