[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE (#107)
 I FACTS AND PROCEDURAL HISTORY
On February 8, 2002, the plaintiff, Kelly Roberts, filed a one count complaint against the defendants, Warren Mueller and CM Corporation, alleging therein negligence and personal injuries. The plaintiff alleges that as a result of the defendants' failure to keep the parking area at 21 South Walnut Street, Wauregan, Connecticut, free of ice and in a reasonably safe condition she slipped and fell, thus sustaining personal injuries.
On June 19, 2002, the defendants served an apportionment complaint upon Goodwin Landscape and Construction for liability pursuant to General Statutes § 52-102b.[1] The defendants allege therein that CM contracted with Goodwin to provide for snow and ice removal and sanding for said parking area and, further, that based upon the plaintiff's allegations of negligence, Goodwin is or may be liable to the plaintiff for all or part of her damages. On July 30, 2002, the plaintiff filed a motion to strike the apportionment complaint on the ground that it fails to state a claim upon which relief may be granted. On August 23, 2002, the defendants filed an objection and a memorandum in opposition to the plaintiffs motion to strike.
 II ARGUMENT
The plaintiff moves to strike the defendants' apportionment complaint on the ground that the defendants are attempting to apportion liability between themselves as the landowners and Goodwin as an independent contractor. The plaintiff argues that a majority of Superior Court CT Page 14644 decisions reject an apportionment claim in negligence actions where a landowner seeks to implead a snow removal contractor. Specifically, the plaintiff contends that a landowner has a nondelegable duty to maintain its premises in a reasonably safe condition and, therefore, cannot seek to appropriate liability to an independent contractor. In addition, the plaintiff relies on the Supreme Court's holding in Gazo v. Stamford,255 Conn. 245, 765 A.2d 505 (2001) to support her position that the defendants may contract out the performance of their nondelegable duty to keep the parking area free of ice and snow, but may not contract out of their legal responsibility to keep the parking area in a reasonably safe condition for invitees.
In response, the defendants argue that they are not attempting to shift a nondelegable duty to Goodwin, rather they are impleading Goodwin as an apportionment defendant under § 52-102b because Goodwin may be liable to the plaintiff for a proportionate share of her damages. Also, the defendants claim that the Supreme Court in Gazo v. Stamford found that a snow plow contractor may be liable to a person injured by a breach of its contractual duties.
Thus, the defendants argue that based upon the language in § 52-102b
and the Supreme Court's holding in Gazo v. Stamford they have set forth allegations that, if proven, would support a cause of action by the plaintiff against Goodwin.
 III LAW
The issue before the court is whether liability may be apportioned between owners of property and a snow removal contractor in a slip and fall action. Several trial courts have addressed this issue and there is a division of opinion amongst the Superior Court judges. The majority view rejects apportionment in slip and fall cases where a landowner seeks to apportion liability to a snow removal contractor. The reasoning in these decisions is that a landowner has a nondelegable duty to maintain its premises in a reasonably safe condition and, therefore, cannot seek to apportion liability to an independent contractor. See Kindl v.Mountain Avenue II Associates, Superior Court, judicial district of New Britain at New Britain, Docket No. 505737 (August 7, 2001, Shapiro, J.);Falcon v. Deerfield Woods Condominium Assn., Superior Court, judicial district of New Haven at New Haven, Docket No. 418521 (December 18, 2000, Zoarski, J.); Hoyt v. K-Mart Corp., Superior Court, judicial district of New Britain at New Britain, Docket No. 484215 (June 29, 2000, Kocay, J.); Currier v. Fieldstone Village, Superior Court, judicial CT Page 14645 district of Tolland at Rockville, Docket No. 069258 (January 19, 2000,Sullivan, J.); Riglione v. Kmart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000, Alander,J.); Benedetto v. Stamford Transit District, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149024 (November 17, 1999, Lewis, J.); Duerr v. Sage Associates, Superior Court, judicial district of New London at New London, Docket No. 539139 (March 15, 1999,Martin, J.); Fullerton v. Wawa, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 406911 (December 15, 1998,Silbert, J.) (23 Conn.L.Rptr. 549); Wood v. Chalet Susse International, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995, Silbert, J.) (14 Conn.L.Rptr. 187).
On the other hand the minority view allows apportionment in negligence actions involving snow removal contractors. See Gulisano v. NationalAmusements, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 065495 (July 29, 1999, Thompson, J.) (25 Conn.L.Rptr. 203); Uliano v. East Hill Woods, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061900 (November 9, 1998, Grogins, J.) (23 Conn.L.Rptr. 335); Veach v.Waldbaum, Inc., Superior Court, judicial district of Danbury, Docket No. 331159 (September 16, 1998, Radclffe, J.) (23 Conn.L.Rptr. 145); Dowd v.Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (January 16, 1998, Leheny, J.).
This court notes that the majority view is supported by the Supreme Court's opinion in Gazo v. Stamford. In Gazo v. Stamford the Supreme Court stated "the nondelegable duty doctrine means that the party with such a duty . . . may not absolve itself of liability by contracting out the performance of that duty. Both the Appellate Court and courts of other jurisdictions have held that the nondelegable duty doctrine means that a party may contract out the performance of a nondelegable duty, but may not contract out of his ultimate legal responsibility. . . . Under the general rule, an employer is not liable for the negligence of its independent contractors. One exception to this general rule, however, is that the owner or occupier of premises owes invitees a nondelegable duty to exercise ordinary care for the safety of such persons." (Emphasis in original; citations omitted; internal quotation marks omitted.) Gazo v.Stamford, supra, 255 Conn. 255-257.
"A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe." Morn v.Bell Court Condominium Assn., Inc., 223 Conn. 323, 327, 612 A.2d 1197
(1992). "The possessor of premises who has invited persons to those premises for a business purpose cannot escape liability for a claimed CT Page 14646 breach of its duty to exercise reasonable care to keep the premises in a safe condition by hiring another to maintain the premises in a safe condition." Tarzia v. Great Atlantic and Pacific Tea Co.,52 Conn. App. 136, 148, 727 A.2d 219 (1999), appeal dismissed,254 Conn. 786, 759 A.2d 502 (2000); see also Koskoff v. Goldman,86 Conn. 415, 420, 85 A. 588 (1912); D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 55, p. 146. "The fact that an independent contractor caused the condition complained of constitute[s] no defense." McGuire v. Hartford Buick Co., 131 Conn. 417,420, 40 A.2d 269 (1944). Moreover, "premises liability law provides that landowners have a nondelegable duty to keep their premises clear from dangerous conditions that may cause injury to a third party." Bowen v.Stonegate Condominium Assn., Superior Court, judicial district of New Haven at New Haven, Docket No. 416453 (January 5, 2001, Jones, J.).
This court finds persuasive the reasoning of the majority view, which holds that "the negligence of the contractor is the negligence of the property possessors. The negligence of the two are exactly the same in fact and in law. The negligence of the parties is indivisible because it is singular and identical. The law imposes joint and identical responsibility for the same identical act of negligence. The act and hence the responsibility being one and the same, it is identical, indivisible, and hence incapable of being apportioned." Falcon v.Deerfield Woods Condominium Assn., supra, Superior Court, Docket No. 418521. Because the defendants as landowners have a duty to keep the parking area in question reasonably safe, their duty is nondelegable and, as such, they may not apportion liability to Goodwin.
 IV CONCLUSION
For the foregoing reasons, the plaintiff's motion to strike the defendants' apportionment complaint is hereby granted.
 ___________________ Francis J. Foley, III Judge of the Superior Court